**Harold R. WILLARD, Appellee/Counter-Appellant,**

v.

**John W. WARD and Lowann Ward, Husband and Wife, Appellants/Counter-Appellees.**

**No. 80054.**

Court of Appeals of Oklahoma,
Division No. 2.

March 1, 1994.

Paul G. Smith, Norman, for appellee/counter-appellant.

George W. Braly, Braly & Braly, Ada, for appellants/counter-appellees.

REIF, Chief Judge.

This appeal and counter-appeal arise from the judgment entered on plaintiff Willard's claim against John and Lowann Ward for two unpaid debts, and on defendant John Ward's counter-claim/set-off for appraisal services he performed for Willard. The trial court awarded Willard judgment against John Ward only for the unpaid amount on each debt, but reduced the total award by the value of the appraisal services the court found John Ward had performed. The trial court further held that Lowann Ward was not liable for the debts owed to Willard.

John Ward appealed the judgments affecting him on the ground that Willard should have been estopped to litigate the value of Ward's appraisal services. The crux of his argument is that Willard sponsored Ward as a witness in a prior condemnation suit and offered no objection to or correction of his testimony that he performed $7,000 worth of appraisal services for Willard in connection with the suit. Ward asserts that this $7,000 completely offset the debts he owed Willard.

Willard counter-appealed the judgment on the grounds that Ward did not properly plead or otherwise preserve his counter-claim for appraisal services. Alternatively, Willard maintains that Ward was paid the reasonable value of his services. He further contends that the final net judgment was not computed properly, because it (1) failed to include $330 plus interest on one of the debts,[1] and (2) gave Ward credit for his counterclaim at the time it accrued. Willard also complains that the judgment in favor of Lowann Ward was against the clear weight of the evidence.

The trial court ruled that judicial estoppel did not preclude Willard from contesting the value of Ward's appraisal services in the instant case, even though Willard had sponsored Ward as a witness in a prior condemnation case and Ward testified the value of his appraisal services was $7,000. The trial court held that Willard "was not required to speak up then" because it was his "right and duty to leave the conduct of his case to his attorney." However, the application of estoppel in cases where a party takes a position inconsistent with one he has previously taken is not dependent solely on the fact the party left the conduct of the earlier case to counsel. Inquiry must extend to whether assertion of the subsequent, inconsistent position is unconscionable under the circumstances. If it is unconscionable for a party to assume an inconsistent position in a subsequent proceeding, the party may be barred from doing so under the doctrine of quasi-estoppel. *Jamison v. Consolidated Utilities, Inc.*, 576 P.2d 97 (Alaska 1978).

Quasi-estoppel differs from other forms of estoppel in that it appeals to the conscience of the court to prevent injustice by precluding a party from asserting a right inconsistent with a position previously taken by him, and does not require ignorance or reliance as essential elements. *Jamison*, 576 P.2d at 102. As one court has aptly stated, it is enough that the party plays fast and loose with the courts by intentional self-contradiction as a means of obtaining an unfair advantage. *Coleman v. Southern Pacific Co.*, 141 Cal.App.2d 121, 296 P.2d 386, 392 (Ct.1956). In determining whether the doctrine of quasi-estoppel is applicable to the

---

1. Ward has confessed this omission. We will leave resolution of this to nunc pro tunc correction in the trial court.

matter before it, a court should consider whether the party asserting the inconsistent position has gained an advantage or produced some disadvantage through the first position; whether the inconsistency was of such significance as to make the present assertion unconscionable; and whether the first assertion was based on full knowledge of the facts. *Jamison*, 576 P.2d at 102–03.

■ Under the doctrine of quasi-estoppel, a party in a subsequent proceeding can be foreclosed from contesting the testimony of a witness that the party sponsored in a prior proceeding, when that testimony has resulted in some advantage to the party and it would be unconscionable to permit the party to contest the testimony. For example, if Willard had been awarded appraisal fees in the condemnation case pursuant to 27 O.S.1991 § 11(3) based on Ward's testimony, it would be unconscionable to allow Willard to contest such testimony in subsequent litigation concerning the value of those services.

It is reasonably clear under the record, however, that no such advantage resulted. Even though Willard benefited from Ward's testimony concerning his appraisal of the value of the land being condemned, it does not appear that he gained any direct advantage from his testimony that the value of his appraisal services was $7,000. Indeed, Ward's testimony concerning the time he spent on the appraisal and the value of his appraisal services occurred on cross-examination. It was elicited to show bias and pecuniary interest on the part of Ward in the outcome of the condemnation action.

■ Given the fact that the application of estoppel in any form is an issue of equitable cognizance, this court was not bound either by the reasoning or the findings of the trial court. *Carpenter v. Carpenter*, 645 P.2d 476, 480 (Okla.1982). The facts and circumstances of this case warranted further consideration of whether quasi-estoppel should be applied.[2] Having considered both judicial estoppel and quasi-estoppel, we affirm the trial court's denial of relief in the form of judicial estoppel to Ward and hold that it was not unconscionable under the circumstances to permit Willard to contest Ward's prior testimony.

■ The value of Ward's appraisal services and the effect of the value of those services on the recovery sought by Willard formed the chief controversy in this case from the outset. Ward's answer stated that he "performed services at the request and on behalf of the plaintiff, Harold Willard [who] has failed to pay for such services." The answer further asserted that "[s]uch services constitute either an accord and satisfaction or a payment and discharge of any claim asserted by Harold Willard." Discovery revealed that the services referred to in the answer were Ward's appraisal services for Willard in the earlier condemnation case and that Ward valued those services at $7,000. The pretrial order reflects that the "grounds for defense" he would pursue at trial included accord and satisfaction, payment and estoppel to deny satisfaction of debt or offset. Even though Willard is technically correct in asserting that Ward did not present a "counterclaim" upon which judgment could be rendered, Ward did seek affirmative relief for the value of such services in the nature of avoidance and offset. These issues were properly raised, joined, presented for trial, actually tried, and determined. Additionally, the trial court's designation of relief as quantum meruit is immaterial—Ward was entitled to have the value of his appraisal services determined and applied to any sum he owed Willard regardless of how it might be termed.

■ The trial judge heard extensive testimony concerning the appraisal services Ward performed and the method to value such services, including the testimony of Willard and Ward. The trial court obviously rejected Willard's contention that his $340 payment was payment in full and similarly rejected Ward's contention that he was due $7,000. Allowing for the trial court to weigh the evidence, we cannot say that the trial court's valuation of Ward's appraisal services and expert testimony at $3,000 was clearly erro-

---

2. Willard asserts that this appeal is frivolous. However, Ward's arguments concerning estoppel present a noteworthy and novel issue that merit- ed consideration even though he does not ultimately prevail on that issue.

neous or lacked support by competent evidence. Also, allowing a $2,660 offset ($3,000 less $340) to the judgment in favor of Willard was relief to which Ward was clearly entitled. Furthermore, there was no error in crediting the offset at the point in time it accrued for purposes of computing the judgment. Ward was entitled to a timely credit of the offset, because it reduced the unpaid balance on the goat sale debt at the time of accrual which, in turn, reduced the ultimate amount of interest. Given the fact that Ward was not credited with interest on the offset between the time of accrual and judgment, it cannot be said that Willard was prejudiced by the manner in which the offset was credited to compute the judgment.

The final question to be considered on the counter-appeal is whether judgment was properly rendered in favor of Lowann Ward on the debts Willard sought to collect. Lowann Ward denied being a party to either debt and the evidence presented by Willard failed to establish that she expressly or impliedly agreed to pay either debt or that she otherwise had any liability for the debts. The mere fact that she knew and approved of her husband's agreement to pay Willard for a herd of goats and accessories that were later delivered to jointly-owned property is not sufficient to make her a party to the agreement to pay. It is fundamental statutory law (1) that either husband or wife may enter into any transaction with any other person, respecting property, which either might, if unmarried; (2) that neither husband nor wife, as such is answerable for the acts of the other; and, (3) the separate property of the wife is not liable for the debts of her husband. 43 O.S.1991 §§ 207, 208. Because Lowann Ward's liability was a contested issue of fact set forth in paragraph 3(B) of the pretrial order and competent evidence supports the trial court's determination of that issue in her favor, we affirm the judgment in favor of Lowann Ward.

AFFIRMED.

BOUDREAU, P.J., and RAPP, J., concur.