1998 OK CIV APP 80

**TRAVELERS PROPERTY CASUALTY CORPORATION, Appellant,**

v.

**JIM WALTER HOMES, INC., Appellee.**

No. 90075.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Jan. 20, 1998.

Certiorari Denied May 12, 1998.

Mark T. Koss, McNulty, Koss & Associates, Oklahoma City, Oklahoma, for Appellant.

Maria T. Kolar, McAfee & Taft, Oklahoma City, Oklahoma, for Appellee.

REIF, Judge.

¶ 1 This appeal arises from a subrogation proceeding filed March 20, 1997, by Travelers Property Casualty Corporation against

Jim Walter Homes, Inc. Travelers sought to recover the workers' compensation benefits it had paid to an injured employee of its insured. The employee was injured on March 23, 1995, by an alleged construction defect in the Jim Walter's house where he was delivering sheet rock. Even though Travelers filed this case within two years of the *actual* date of the injury, Jim Walter argued that collateral estoppel binds Travelers to the workers' compensation court's "adjudicated date" of injury of March 16, 1995. The trial court agreed and entered a summary judgment that the suit was barred by the two-year statute of limitations, 12 O.S.1991 § 95, as measured from the "adjudicated date" of injury.

¶2 The order granting the motion states: There is no doubt here that the *actual* date of injury was March 23, 1995. The real question, for Statute of Limitation purposes, is: Can Plaintiff ignore the date of March 16, 1995, as the date of injury established in the Workers' Compensation case? The answer is "NO".

The Court is persuaded by the precedents of the Wilson, Anco Mfg., Carris and Laws cases cited in Defendant's Reply brief.

The cases referenced in the order are *Wilson v. Kane,* 1993 OK 65, 852 P.2d 717; *ANCO Mfg. & Supply Co. v. Swank,* 1974 OK 78, 524 P.2d 7; *Carris v. John R. Thomas and Associates,* 1995 OK 33, 896 P.2d 522; and *Laws v. Fisher,* 1973 OK 69, 513 P.2d 876. In reviewing these authorities, we agree with the trial court that they pronounce important defining principles concerning issue preclusion that are pertinent to this case. We disagree, however, that they compel the conclusion reached by the trial court.

¶3 *ANCO* and *Carris* warrant discussion, because they deal directly with the question of issue preclusion raised by strangers to prior proceedings which allegedly determined issues that are binding and dispositive of subsequent claims or issues. *Carris* construes *ANCO* to allow a "stranger to the first action to defensively assert estoppel when the party against whom the estoppel was being asserted was attempting to assert inconsistent facts in the second action." 1995 OK 33, ¶11, 896 P.2d at 528. Review of *ANCO,* however, reveals that *Carris* misconstrues and over-extends *ANCO* with regard to "inconsistent facts." [1]

¶4 *ANCO* held that collateral estoppel could be used as a defensive bar to relitigation of *an issue* in the workers' compensation court, where the issue was determined in favor of the party to be estopped in an earlier district court proceeding. The court did indeed hold that such defensive use of collateral estoppel could be invoked by a stranger to the earlier district court litigation, but *the issue* in *ANCO* was whether a deceased was an employee of ANCO or the defendant in the district court case. Having prevailed in the district court on the basis that the deceased was *not* ANCO's employee, the supreme court held that *the issue* of whether the deceased was employed with

1. The doctrine of judicial estoppel, not collateral estoppel, is applied to prevent advancement of inconsistent positions vis-a-vis matters of fact. *Panama Processes v. Cities Service Co.,* 1990 OK 66, ¶22, 796 P.2d 276, 286. Judicial estoppel may be invoked to prohibit assertion of "inconsistent positions assumed in the course of the same judicial proceedings, or in subsequent proceedings involving identical parties and questions." *Messler v. Simmons Gun Specialties, Inc.,* 1984 OK 35, ¶18, 687 P.2d 121, 128. Additionally, a case somewhat analogous held that judicial estoppel did not bar the executrix of a deceased worker from asserting, inter alia, *a different date of injury* against a tort-feasor than the deceased worker had asserted against his employer in his workers' compensation case. *Halliburton Co. v. Scroggins,* 1973 OK 152, 520 P.2d 667. In *Halliburton,* the court did not reach the question of whether the parties and questions in the two proceedings must be the same for purposes of judicial estoppel, because there was no showing that defendant/tort-feasor Halliburton was misled or changed its position based on the date of injury adjudicated by the workers' compensation court. The same is true herein. Lastly, the doctrine of quasi-estoppel can be invoked by a stranger to prior litigation to preclude assertion of inconsistent positions, but *only if* it would be unconscionable to permit a party to prior litigation to assert an inconsistent position in a subsequent proceeding; *see Willard v. Ward,* 1994 OK CIV APP 35, 875 P.2d 441. Travelers did not obtain any advantage or cause Jim Walter a disadvantage by accepting a date of injury for purposes of workers' compensation liability that was different than the actual date.

ANCO could not be litigated again. Significantly, the court qualified its holding:

> The only issue presented here is whether or not the doctrine of collateral estoppel may be applied defensively. We can see no legal or logical reason why it should not apply *under the facts herein presented.*

1974 OK 78, ¶ 36, 524 P.2d at 13 (emphasis added).

 ¶ 5 In *Carris,* the contractor on a construction project sued the architects on the project for negligent plans and fraudulent representations. The defendant architects obtained summary judgment on the strength of a prior arbitration proceeding between the contractor and project owner. According to the *Carris* opinion, "the Court of Appeals affirmed, finding that the contractor was estopped from litigating damages against [the architects] because [of] a full opportunity to litigate the issue of damages in the arbitration proceeding." 1995 OK 33, ¶ 5, 896 P.2d at 525. The supreme court held that neither claim preclusion/res judicata nor issue preclusion/collateral estoppel barred the contractor's suit against the architects. The court noted that "[t]he *only issue* clearly decided in the arbitration proceeding was whether the contractor was entitled to damages from the [project owner] pursuant to the ... construction contract." *Id.* at ¶ 13, 896 P.2d at 528 (emphasis added). The court further observed that "[i]t was not necessary for the arbitrator to find that the plans were negligently prepared and designed, or [issues of misrepresentation] to resolve the issue decided in arbitration." *Id.* at ¶ 14, 896 P.2d at 529.

¶ 6 The *Carris* opinion further stated that "[n]othing in the [arbitration] award indicates that the contractor's claims against [the architects] were actually decided on the merits in the arbitration proceeding [and] if such a determination may have been made, the contractor should not be barred from litigating her negligence and fraud claims ... when she was prevented from bringing and fully litigating her claims against them in the arbitration proceeding." *Id.,* 896 P.2d at 529. The court concluded "issue preclusion does not apply under the facts presented." *Id.*

¶ 7 The court summarized its holding in the "conclusion" of the opinion:

> Where formal barriers prevent full presentation of remedies or theories of relief in one action, a party is not precluded from bringing another claim in a subsequent action which arose out of the same set of facts as the first action. Here, pursuant to an arbitration agreement, the contractor was required to arbitrate all her claims against the [project owner]. However, she was prevented from asserting claims against [the architects] in the arbitration proceeding. Consequently, the contractor's claims against [the architects] may proceed separate and distinct from the claims she previously arbitrated against the [project owner] and the trier of fact can determine the extent of her damages.

*Id.* at ¶ 17, 896 P.2d at 530 (footnotes omitted).

¶ 8 The parallels between the case at hand and *Carris* are striking. In the case at hand, the only issue decided in the workers' compensation case was the employee's entitlement to benefits and Travelers' liability for such benefits under its insurance contract. It was not necessary for the workers' compensation court to find that employee was injured by Jim Walter's negligence to resolve that issue. Nothing in the workers' compensation award indicates that any tort claim that the employee may have against Jim Walter, and to which Travelers would succeed by statutory subrogation, was decided on the merits. Even if such a determination may have been made, the employee and Travelers should not be barred from litigating a negligence claim against Jim Walter when they were prevented from bringing and fully litigating such a claim in the workers' compensation court. The limited jurisdiction of the workers' compensation court and the limited scope of the issues in such cases presented formal barriers that prevented full presentation of remedies or theories of relief and, therefore, Travelers is not precluded from bringing another claim in a subsequent action which arose out of the same set of facts.

 ¶ 9 Both *ANCO* and *Carris* indicate that the question of whether a stranger

to a prior proceeding can use the decision in the prior proceeding for defensive collateral estoppel is to be answered "under the facts presented." In light of the limited jurisdiction and the limited scope of issues decided by the workers' compensation court, we hold "under the facts presented" that Travelers is not precluded from litigating a different date of injury for purposes establishing Jim Walter's *tort* liability, than the workers' compensation court found for purposes of establishing Travelers' *workers' compensation liability to the employee.* Accord *Halliburton Co. v. Scroggins,* 1973 OK 152, 520 P.2d 667. It is not clear why Travelers *accepted an earlier date* of injury for its workers' compensation liability than the date that all parties and the trial court have determined to be the *actual* date of injury. However, it is abundantly clear that the workers' compensation court did not adjudicate and was without jurisdiction to adjudicate the date of injury *for purposes of tort liability.*

¶10 Because it was error to give collateral estoppel effect to the workers' compensation court's "adjudicated date" of injury, and the actual date of injury was undisputed, it was error to grant Jim Walter's motion for summary judgment on statute of limitations grounds. Accordingly, the summary judgment is reversed and this case is remanded for further proceedings.

¶11 REVERSED AND REMANDED.

TAYLOR, V.C.J., and GOODMAN, P.J., concur.