## TOWN OF BURBANK et al. v. SHEEL.

No. 19073.    Opinion Filed May 29, 1928.

Rehearing Denied July 17, 1928.

(Syllabus.)

1. **Municipal Corporations—Public Improvements—Limitation of Actions to Contest Validity of Special Assessments.**

Section 30, chap. 173, Session Laws 1923, contains the following provision:

"No suit shall be sustained to set aside any assessment or to enjoin the governing body of any city or town from levying or collecting any such assessment, or installment thereof, or interest or penalty thereon, or issuing the bonds, or providing for their payment or contesting the validity thereof on any ground, or for any reason, other than for the failure of such governing body to adopt and publish the resolution declaring

the necessity for such improvements and the publication thereof as provided in section 5 of this act, and to give notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than fifteen (15) days after the publication of the ordinance levying assessments. * * *"

This and similar statutes, of which the above is amendatory, have been construed to mean what they say as to the time in which actions may be maintained.

2. **Taxation—Exclusive Statutory Remedy Against Illegal Tax.**

Section 9971, Comp. St. 1921, provides a complete and adequate remedy by which persons may obtain relief from an illegal tax, viz., by payment of the taxes at or before the time they fall due and by bringing an action, as prescribed in said section, to recover the illegal taxes thus paid, and the remedy thus provided is exclusive.

3. **Same—Municipal Corporations — Essential Policy of State as to Limitation of Actions to Contest Taxes or Special Assessments.**

The policy of the state to fix a definite time and definite limitations after which actions cannot be maintained to set aside assessments, made for public improvements in cities and towns, and to enjoin the collection of ad valorem taxes, is recognized by this court and held to be an essential policy in order to securely maintain the existence and operation of state government.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Injunction by George Sheel against the Town of Burbank and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

L. F. Roberts and S. T. Carmen, for plaintiffs in error.

Humphrey & Spence, for defendant in error.

HARRISON, J. This was a suit by George Sheel, defendant in error, against the town of Burbank, Okla., and the county treasurer of Osage county, and school district No. 20 of said county, to enjoin the collection of a special assessment levied for the purpose of constructing a sewer system against certain lots belonging to defendant in error and situated in the town of Burbank, the same being described in plaintiffs' petition for injunction. It appears that the governing board of the town of Burbank passed an ordinance establishing a sewer district in said town on May 5, 1924, and subsequently levied assessments against the property within such district and issued warrants payable in 1925, 1926, and 1927, sufficient to pay the estimated cost of construction of the sewer system in question, and on September 24, 1924, let the contract for the construction of such system and exchanged the warrants in question for the construction of the sewer, · and that said school district now owns the said assessment warrants, having purchased same with money in its sinking fund.

Sheel failed to pay his assessments for the years 1925 and 1926, and also failed to pay his ad valorem taxes on the lots involved in the special assessment, the delinquency in payment of which was duly certified to the county treasurer for collection. In the meantime, between the date of levying such special assessments and the date of filing this suit, June 27, 1927, the county treasurer had sold said lots for said delinquent taxes and assessments and had bid in the same in the name of said county. The suit appears to be based solely upon the alleged fact that at the time the aforesaid ordinance was passed, and at the time said contract for the construction of said sewer was let, the town of Burbank did not have a bona fide population of 1,000 persons, and therefore the town board was without authority to levy said assessment and construct said sewer system, and that their acts in relation thereto were illegal and void.

No attack is made upon the regularity of the proceedings of the town board in establishing the sewer system in question, and in making the levy in question. It is virtually conceded that all things pertaining thereto were regular and in conformity with the statutes, if the board had had authority under the statutes to proceed in the premises, but it is contended that because of the lack of 1,000 persons, bona fide inhabitants in the town, the board had no authority of law to establish a sewer district and that all the proceedings were void and that plaintiff below, Sheel, was entitled to injunctive relief against the collection of said assessments. The plaintiff tendered his ad valorem taxes and asked that the county treasurer be required to accept same. The defendants below demurred to the petition, on the ground that it failed to state sufficient facts to constitute a cause of action. The demurrer was overruled, the defendants stood on their demurrer, and the court rendered judgment in favor of Sheel, perpetually enjoining the defendants from proceeding toward the collection of said special as-

sessment, and defendants below bring the cause here on a transcript.

It is contended by plaintiffs in error that Sheel was not entitled to any relief under his petition and under the facts alleged, for the reason that in not bringing an action against the town board within the time prescribed by section 30, chap. 173, S. L. 1923, and in failing to pay his assessment and taxes at or before they became due and then to bring suit to recover the alleged illegal assessment and taxes, as provided in section 9971. Comp. Stat. 1921, he was barred of all right of action, and that the court erred in overruling the demurrer.

It is contended by defendant in error, Sheel, that the allegation that the town did not have a bona fide population of 1,000 persons at the time the ordinance was passed is admitted by the demurrer, that therefore the town was without authority to take any action, and that the proceedings were null and void, and being void, Sheel was not obligated to bring any suit or to recognize the validity of such proceedings. As to whether this contention can now be sustained depends upon the purpose of the foregoing statutes of limitations, within which actions of this character must be brought, and the policy of the state to make itself secure in the collection of revenues sufficient to pay the expenses of state government. This question presents itself aside from the proposition that the proceedings, being regular and valid on their face, cannot be thus collaterally attacked.

The statutes afford property owners a complete and adequate remedy for relief from illegal assessments, and section 4619, Comp. Stat. 1921, provides that no suit shall be sustained to set aside any assessment or to enjoin the making of any improvement or the levying or collecting of any assessments, unless such suit be commenced not more than 60 days after the passage of the ordinance making a final assessment. This statute was construed and held to mean what it says in Bocox v. Town of Bixby, 114 Okla. 269, 247 Pac. 20, and in Edmonds v. Town of Haskell, 121 Okla. 18, 247 Pac. 15, citing some ten or twelve decisions of this court, showing that by a line of decisions this court has uniformly construed said provision of statute to mean what it says and has uniformly denied injunctive relief where suits were not brought within the time limit prescribed by statute.

The Acts of 1923. chap. 173. page 278 of said Acts, has shortened the time for bring-

ing such a suit to 15 days, but the principle is the same, and the policy of the Legislature appears to be a wise one, in order to prevent property owners, who have wilfully refused, or have presumably waived their right to institute suit within the prescribed time, and after having received the benefits of the improvements for which assessments are made, from thereafter maintaining suits, which, if a sufficient number were maintained, would disrupt and destroy the entire municipal government.

Section 30, chap. 173, S. L. 1923, contains the following provision:

"No suit shall be sustained to set aside any assessment or to enjoin the governing body of any city or town from levying or collecting any such assessment, or installment thereof, or interest or penalty thereon, or issuing the bonds, or providing for their payment or contesting the validity thereof on any ground, or for any reason, other than for the failure of such governing body to adopt and publish the resolution declaring the necessity for such improvements and the publication thereof as provided in section 5 of this act, and to give notice of the hearing on the return of the appraisers, unless such suit shall be commenced not more than fifteen (15) days after the publication of the ordinance levying assessments, and no suit shall be sustained after the work has been completed and accepted by such city or town, except for failure to give such notice of the preliminary resolution of necessity or the failure to give the notice of the hearing on such return of the appraisers. * * *"

The statute affords the property owner two opportunities for relief against a wrongful assessment for town improvements: First, upon receiving notice from the town board, he is given opportunity to appear and protest against the assessment; failing to do that, he is given 15 days after the publication of the ordinance levying the assessments in which to bring suit to set aside the assessment; failing to avail himself of such remedy and to exercise his rights thereunder, the statute shuts him off and bars him from any right of action thereafter.

Likewise, in the assessment and collection of ad valorem taxes on property, the property owner is given a remedy by which he may appear before the board of equalization, as provided in section 9966, Comp. Stat. 1921, and have his assessment corrected; failing to do that. he is given an opportunity to pay his taxes under protest and bring suit to recover, as provided in section 9971, Comp. Stat. 1921. Failing to avail himself

of either remedy, he is barred of a right to injunctive relief. Said section 9971, supra, has been held to be exclusive. In A., T. & S. F. Ry. Co. v. Eldredge, 65 Okla. 317, 166 Pac. 1085, this court said:

"The remedy provided by section 7, art. 1, c. 107, Session Laws 1915, against the collection of illegal taxes, is exclusive, and injunction against such collection will not lie."

The foregoing section is the same as section 9971, Comp. Stat. 1921, and in Blake v. Young, 128 Okla. 153, 261 Pac. 923, this court held:

"Section 9971, Comp. St. 1921, provides a complete and adequate remedy by which persons may obtain relief from an illegal tax, viz., by payment of the taxes at or before the time they fall due and by bringing an action as prescribed in said section to recover the illegal taxes thus paid, and the remedy thus provided is exclusive." Citing a line of decisions from the Eldredge Case, supra, down to the present which had held such remedy to be exclusive.

It was the evident policy of the Legislature, in the enactment of the foregoing statutes of limitations for bringing actions to set aside assessments and levies and to enjoin the collection of taxes, to fix a time after which the state and its municipal subdivisions would be secure in their revenues for necessary governmental purposes, and it is evident from the foregoing decisions that the courts have recognized this as being an essential policy in order to maintain state government. A government cannot be maintained without revenues necessary to pay the expenses of government. Under our system of government these revenues are derived through taxation. Our Legislatures have wisely foreseen that it was essential, to the maintenance of government, to fix a time within which the validity of tax levies must be attacked, otherwise there would be no assurance that the state government could continue existence.

For illustration, if a major per cent. of our citizens should willfully allow the taxes upon their property to become delinquent for a period of two or three years, and then be permitted to come into court, claiming an equitable right to enjoin the collection of the major portion of the taxes levied for governmental purposes, it is obvious that government would be compelled to cease. And if one taxpayer is permitted to do this, then all taxpayers should have the same privilege, and the result would be that we would have no taxes, no protection, no government.

Hence, the Legislature has provided adequate remedies by which erroneous or invalid taxes may be adjusted, and has specifically provided that the remedies thus given must be timely resorted to, and has provided that if the remedies given are not resorted to within the time prescribed, the right to contest the validity of a tax levy is barred, and the same is true as to actions to set aside assessments for town and city improvements. The fact that an assessment for city improvements or the levy of an ad valorem tax may have been irregularly assessed or levied, or possibly may have been illegally assessed or levied, does not affect the statutory limitation upon bringing the action. The owner and holder of a perfectly valid promissory note may have a clear right of action against the maker, and though the maker may be wholly solvent and have no defense against the note, yet if the owner and holder does not sue within the statute of limitations, he is barred of his right of recovery if the maker claims the benefit of the statute.

In the case at bar, the defendant claims the benefit of the statutes.

In view of the foregoing statutes, decisions, and evident state policy, a policy which in our opinion is obviously more essential than that underlying other statutes of limitation, the judgment of the trial court in overruling the defendants' demurrer is reversed, with directions to sustain the demurrer and deny the injunction.

Reversed, with directions.

MASON, V. C. J., and PHELPS, HUNT, CLARK, and HEFNER, JJ., concur. LESTER, J., concurs in the conclusion.

Note.—See under (1) 28 Cyc. p. 1188. (2) 37 Cyc. p. 1175.