## CITY OF OKMULGEE v. JONES, County Treas., et al.

No. 20025. Opinion Filed Dec. 2, 1930.

L. L. Cowley, for plaintiff in error.

Pitchford & Pitchford and C. D. Lewis, for defendants in error.

LESTER, V. C. J. The parties appear in this court in the same position as in the court below.

For the taxable year 1923, certain taxes were levied against the taxable property located within the limits of the city of Okmulgee, Okla., for the purpose of raising the necessary revenues to pay the expenses of said city for the fiscal year commencing July 1, 1923, and ending June 30, 1924.

It appears that the city levied in excess of 6 mills for current expenses. Evidently the Legislature having in mind the decision of the Supreme Court in the case of Oklahoma News v. Ryan, 101 Okla. 151, 224 Pac. 969, in which it was held that the current expenses of cities of this state were limited to 6 mills by section 9692, C. O. S. 1921, and the Legislature being in session at the time the said opinion became the law, enacted Senate Bill No. 89, chapter 61, acts of the Legislature, Special Session 1924, which reads as follows:

"Section 1. In any county of this state, where a court of competent jurisdiction has held that section 9692, C. O. S. 1921, has been violated by attempting to levy for general city purposes for the fiscal year 1923-24 a tax in excess of 6 mills upon each dollar of taxable property subject to ad valorem tax in such city for the said year 1923-24, such tax having been spread of record upon the tax rolls of such county, it is hereby made the duty of the county assessor and the county treasurer of such county to immediately cancel said excess to the extent that such attempted levy exceeds 6 mills for general city purposes, and to correct and reform the tax rolls of such county to conform thereto;

"Provided, that where any taxpayer has, prior to the taking effect of this act, paid the 1923-24 taxes for general city purposes in excess of 6 mills, such excess shall be refunded by the county treasurer to the taxpayer paying the same, out of any funds then in or thereafter coming into his hands belonging to said city for such fiscal year, and making the proper accounting and adjustment for the same, and shall thereon take from said taxpayer an original and carbon copy of receipt therefor, and shall deliver and file with the city treasurer of said city, such original receipt, and shall retain said carbon copy thereof; provided, further, that any taxpayer entitled to such refund shall make demand for the same within six months from the date of the passage and approval of this act.

"Section 2. In any city affected by section 1 of this act, which governing body of such city may, by resolution, submit to the electors of such city, at an election to be conducted in the manner in which elections for the issuance of bonds by a city are conducted, a proposed tax levy upon all property of said city subject to ad valorem

tax in such city as shown by the 1923-24 tax rolls, sufficient to properly maintain the government of said city during the remainder of the fiscal year 1923-24, and if a majority of the electors voting at an election to be held not less than ten days after the call therefor has been properly published, shall vote in favor of such proposed levy, then such proposed levy shall by the governing body of such city be certified to the county treasurer of such county, and by said treasurer extended upon the tax roll for the fiscal year ending June 30, 1924, against all property of said city subject to such tax, and the county treasurer shall collect and distribute such taxes as other taxes for said city are collected and distributed; provided such proposed tax when added to the 6 mills heretofore lawfully levied for such purposes for the current year shall not exceed the amount authorized by the charter of such city if any amount is authorized therein, or the Constitution of the state; provided, further, that a special election may be called in same manner and for the same purpose as stated above during any fiscal year hereafter, and an additional tax for said purposes and within the same limitations, may be authorized, levied and collected for the current expenses of such city for said fiscal year. The electors mentioned in this section shall have the same qualifications as are required for electors voting at general elections in the state of Oklahoma."

Section 3 of said act contains the constitutional emergency provision, and the act was duly approved by the Governor on March 17, 1924.

Certain taxpayers of the city of Okmulgee, Okla., paid their ad valorem taxes prior to the correction of the tax rolls in the office of the county treasurer of Okmulgee county, Okla.

Several taxpayers took advantage of Senate Bill No. 89, and others did not avail themselves of the right within the six months to claim a refund of taxes collected under the said excessive levy.

On the 18th of May, 1927, the city of Okmulgee filed its petition in the district court of Okmulgee county wherein it was alleged that certain taxes were levied against the taxable property located in the city of Okmulgee for the year 1923, for the purpose of raising the necessary revenues to pay the expense of the city for the fiscal year, 1923, 1923-24; that it was the duty of the county treasurer to collect said taxes and to pay the same to the treasurer of the city; that said county treasurer, after receiving the tax rolls for 1923, and prior to the first day of April, 1924, collected certain taxes belonging to the city, as shown by the tax roll records in his office, the exact amount being unknown to the said city; that the county treasurer paid a part of the taxes so collected, but not the entire amount thereof; that he had in his hands at the institution of this action approximately $9,000 of taxes belonging to the said city of Okmulgee that he had failed, refused, and neglected to pay to said city of Okmulgee; that said sums collected and retained by the county treasurer were the moneys of said city and that the said city was entitled to immediate payment thereof. The city asked that an alternative writ be issued commanding the county treasurer to pay over said money, or to show cause why he should not.

An alternative writ of mandamus was issued, and the county treasurer filed his response thereto, in which he alleged that he had collected $12,675.30 in taxes levied for the use and benefit of the city of Okmulgee, levied in excess of the 6-mill limitation; that thereafter, in accordance with the provisions of chapter 61 of Oklahoma Session Laws, Special Session, 1923-24, he refunded the sum of $3,592.83 to the taxpayers within 6 months from the date of the passage of said law directing such refund, leaving the balance of $9,082.47, which he then held as county treasurer of Okmulgee county, and that said act of the Legislature made no provision for the distribution of said funds. In said response the county treasurer asked the court to enter an order directing him to dispose of said amount according to law.

Charles E. Campbell, together with other taxpayers, obtained leave to file a plea of intervention in which he set forth that said money belonged to the taxpayers; that neither the county nor the city had any interest therein.

Upon hearing the court rendered its judgment denying the writ of mandamus in favor of the city of Okmulgee.

The court further adjudged that Charles E. Campbell and others interveners did not demand payment upon the county treasurer for the excessive taxes theretofore paid by the interveners as provided by Senate Bill 89, supra. The court, however, further found that the taxpayers were entitled to recovery of the same.

The plaintiff on appeal set forth several assignments of error. It will be noted that section 1, ch. 61, supra, provides, in part:

"Such excess shall be refunded by the county treasurer to the taxpayer paying the same, out of any funds then in, or there-

after coming into his hands belonging to said city for such fiscal year, and making the proper accounting and adjustment for the same, and shall thereon take from said taxpayer an original and carbon copy of receipt therefor and shall deliver and file with the city treasurer of said city such original receipt, and shall retain said carbon copy thereof."

Thus it is seen that the act requires that there be a strict accounting made by the county treasurer to the city of such amounts as were to be paid out by the county treasurer to the taxpayer during the period of time fixed by the statute for a refund of the excessive taxes.

The act further provides:

"That any taxpayer entitled to such refund shall make demand for the same within six months from the date of the passage and approval of this act." Sec. 1.

It is clear to us that the six months should be taken in an imperative rather than in a permissive sense, and that the six months period was one of limitation and served a useful purpose. The city was entitled to know within a reasonable time the amount that was to be returned.

The county treasurer is a ministerial officer and as such collects the taxes for and on behalf of the city and transmits to the city treasurer from time to time such taxes as are to be due the city.

The act of the Legislature was a departure in part from the regular method of securing a refund in case of the collection of an excessive tax, and the limitations stated in the act in fixing a definite time within which to make a claim for said fund were in line with public policy.

In the case of Town of Burbank v. Sheel, 131 Okla. 292, 268 Pac. 1106, it is stated:

"The policy of the state to fix a definite time and definite limitations after which actions cannot be maintained to set aside assessments made for public improvements in cities and towns, and to enjoin the collections of ad valorem taxes, is recognized by this court, and held to be an essential policy in order to securely maintain the existence and operation of state government."

It is clear to us that the judgment of the court permitting the taxpayers to file an intervention and the judgment of the court thereon is erroneous. In default of an attack upon the levy made for city purposes no one would question the right of the county treasurer to withhold from the city of Okmulgee taxes levied and collected in behalf of said city.

The legislative act invoked herein provided a method by which said excess tax might be refunded to the taxpayer. Some of the taxpayers chose to follow the procedure therein. Others failed to do so. After the six months expired, we think the city of Okmulgee was entitled to the benefit of the amount unclaimed.

The city evidently had incurred obligations by reason of said levy. Section 2 of said act provided for an election to be held for the purpose of authorizing an emergency tax levy in order to make up a deficiency caused by the refund of the excessive levy theretofore made.

The cause is reversed, with directions to dismiss the plea of intervention filed by Charles D. Campbell and other taxpayers and enter judgment directing the county treasurer of Okmulgee county to pay to the city treasurer of Okmulgee, Okla., the sum that is shown to be retained by the county treasurer under the response filed in the district court.

HUNT, RILEY, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J. absent.