### 2013 OK CIV APP 20

**BACON & SON, INC.; Timothy S. Clark Family L.P.; and eMarket, L.L.C., Plaintiffs/Appellants,**

v.

**CITY OF TULSA, Defendant/Appellee,**

and

**The Tulsa Stadium Trust, Intervening Defendant/Appellee.**

**No. 109,614.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 18, 2013.

appeal of the trial court's post-trial order that modified its original award of attorney fees.

Robert G. Green, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Gerald M. Bender, Tulsa, Oklahoma, for Defendant/Appellee.

Frederic Griffin Dorwart, Margaret Lee Kobos, J. Michael Medina, Tulsa, Oklahoma, for Intervening Defendant/Appellee.

BRIAN JACK GOREE, Judge.

¶1 This is a companion case to Case No. 109,279 (cons. w/109,280) and to Case No. 109,691. Appeals 109,279 and 109,280 were consolidated for consideration and decision by order of the Supreme Court. Although Appeals 109,279 (Cox I) and 109,691 (Cox II) arise from the same circumstances as the present appeal, they contain separate issues and thus were not consolidated, but were

made companion cases. We consider these cases in separate opinions.

¶2 In this case, Plaintiffs/Appellants Bacon & Son, Inc.; Timothy S. Clark Family L.P.; and eMarket, LLC (Plaintiffs) seek review of the trial court order granting summary judgment in favor of Defendant/Appellee, City of Tulsa (City) on all claims.

¶3 In their June 24, 2009, petition, filed pursuant to the provisions of 11 O.S.2011 § 39–111(D), Plaintiffs alleged, among other things, they are owners of real property in the area encompassed by Tulsa Stadium Improvement District No. 1 (District). They also alleged ordinance no. 22064 approved an assessment roll which purports to assess certain public property for 30 years for construction of a multi-purpose facility, ONEOK Field (Field), contrary to Article 10, Section 26 of the Oklahoma Constitution because the public property did not receive a benefit equal to the assessment.

¶4 Plaintiffs further alleged construction of Field provides no special benefits to them. They alleged Bacon & Son, Inc. and eMarket, LLC properly filed their objections to the assessment roll, but that Timothy S. Clark Family L.P. received no notice of creation of District or assessment hearings, and that assessment of their properties is contrary to due process requirements. Additionally, they alleged the formula utilized by City to assess property owners is not based on the benefit to them and is unlawful.[1]

¶5 Also, Plaintiffs alleged the proceeding by which City Council adopted Ordinance No. 22064 was "irregular, by reason of misapplication of law and the ordinance is therefore void." They further alleged City proposed to assess their properties on or after July 1, 2009, contrary to their statutory right to contest the assessment in district court. They requested an injunction prohibiting City from assessing their properties for construction of Field and that any such assessment be declared void and unenforceable.

¶6 City filed City of Tulsa Combined Motion for Summary Judgment and Brief in Support wherein it joined in the Combined Motion for Summary Judgment and Brief in Support previously filed by Intervenor, Tulsa Stadium Trust and adopted uncontroverted facts, arguments and authorities set forth in Intervenor's previous motion.[2]

¶7 Among other things, City argued Plaintiffs' allegations challenging the creation of District are barred by the express provisions of 11 O.S.2011 § 39–108(D).[3]

¶8 In Plaintiffs' Objection to City of Tulsa Motion for Summary Judgment,[4] Plaintiffs acknowledged § 39–108 provides for a hearing on a proposed resolution creating a dis-

---

1. On July 10, 2008, City Council of the City of Tulsa adopted Resolution 7571 creating District. The resolution stated District was created to provide improvements and services for the benefit of the property within District. The resolution also stated assessments levied against properties within District pay for improvements and services by a formula of gross square footage (square footage of land + square footage of building) × $0.065. It further stated assessments shall commence July 1, 2009.

2. On May 19, 2011, the trial court granted summary judgment in favor of Intervenor "against all of the claims brought by the plaintiffs in this action. The trial court dismissed Plaintiffs' claims against Intervenor.

3. Section 39–108 provides:
   A. At the hearing of the governing body on the proposed resolution creating a district, any interested person or owner of property to be assessed for the improvement may file a written protest or objection question the:
   1. Propriety and advisability of constructing the improvement;
   2. Estimated cost of the improvement;

3. Manner of paying for the improvement; and
4. Amount to be assessed against the individual tract or parcel of land.
   . . .
   D. Within thirty (30) days after the governing body has concluded the hearing; determined the advisability of constructing the improvement and the type and character of the improvement; and created the improvement district, any person who, during the hearing, filed a written protest with the governing body protesting the construction of the improvement may commence an action in district court to correct or set aside the determination of the governing body. After the lapse of thirty (30) days succeeding the determination of the governing body, any action attacking the validity of the proceedings and the amount of benefit to be derived from the improvement is perpetually barred. . . .

4. Plaintiffs adopted by reference their objection to Intervenors' motion for summary judgment.

trict and the process by which an appeal may be taken. However, they submitted the creation of a district (§ 39–108) is not self-implementing; implementation comes with the passage of an ordinance, and 11 O.S.2011 § 39–111, which "creates" the assessment, is the final determination of the proceedings. "In other words, the city council could create a district under § 39–108, but it is not compelled by the creation to take the final step of § 39–111. That being the case, the final determination leaves all issues open for consideration, including killing the district." [5]

5. Title 39 O.S.2011 § 39–111 provides:
   A. Not later than three (3) days before the date of the hearing on the assessment roll, any owner of a tract or parcel of land which is listed on the assessment roll may file his specific objections to the amount of the assessment in writing with the city clerk. Unless presented as required in this subsection, any objection is deemed waived as to the regularity, validity and correctness of:
   1. The proceedings;
   2. The assessment roll;
   3. Each assessment contained on the assessment roll; or
   4. The amount of the assessment levied against each tract or parcel of land.
   B. At the hearing, the governing body shall hear all objections which have been filed as provided in this section and may recess the hearing from time to time and, by resolution, revise, correct, confirm or set aside any assessment and order another assessment be made de novo.
   C. The governing body by ordinance shall by reference to such assessment roll, or assessment roll as modified, if modified, and as confirmed by resolution, levy the assessments contained in the assessment roll. The decision, resolution and ordinance of the governing body shall be:
   1. A final determination of the regularity, validity and correctness of the proceedings, the assessment roll, each assessment contained on the assessment roll, the amount of the assessment levied against each tract or parcel of land; and
   2. Conclusive upon the owners of the tract or parcel of land assessed.
   D. Within fifteen (15) days after the publication or posting of the ordinance, any owner who has filed an objection as provided in this section may commence an action in district court to correct or set aside the determination of the governing body. After the lapse of fifteen (15) days after the publication or posting of the ordinance, all actions, which include the defense of confiscation or attack the regularity, validity and correctness of the proceedings, the assessment roll, each assessment contained on the assessment roll, and the amount of the

¶ 9 Plaintiffs also acknowledged 11 O.S. § 39–107,[6] dealing with notice of the creation of a district, provides that any interested person may ascertain in the office of the municipal clerk "the maximum amount of benefit estimated to be conferred on each tract or parcel of land." But they claimed the notice "... does not exist so far as plaintiffs know." [7]

¶ 10 Plaintiffs urged that under the expired district, they were to be provided en-

assessment levied against each tract or parcel of land, are perpetually barred.

6. Title 11 O.S.2011 § 39–107 provides:
   A. The notice as to creating an improvement district shall:
   1. Contain the time and place when the governing body shall hold a hearing on the resolution to create the district;
   2. Describe the improvement to be constructed and the general location thereof; and
   3. State that any interested person may ascertain in the office of the municipal clerk:
   a. a description of the property to be assessed, and
   b. the maximum amount of benefit estimated to be conferred on each tract or parcel of land.
   B. Not more than thirty (30) days nor less than ten (10) days before the day of the hearing, the city clerk, his deputy or the engineer shall mail the notice of the hearing on the proposed district to the owner of the tract or parcel of land to be assessed the cost of the improvement at his last known address. The name and address of the owner of each tract of land shall be obtained from the records of the county treasurer. The notice shall contain a preliminary basis for estimating the assessment ... Failure of the owner to receive any notice shall not invalidate any of the proceedings authorized in the Improvement District Act.
   . . .

7. Plaintiffs attached the affidavit of Robert G. Green, their attorney. To the affidavit, Green attached City's response to Plaintiffs' motion to produce "all documents which detail the calculation of 'special benefit' to Plaintiffs and their property by the services and improvements proposed." Green testified City's response "does not contain any document which would be construed as indicating or describing the maximum amount of benefit estimates to be conferred on each tract or parcel of land." 11 O.S.2011 § 39–107(3)(b). Therefore, they were unable to determine the amount of benefit to their properties.

hanced street sweeping.[8] Plaintiff Bacon was assessed $150.00 per annum for this service. Under the current District, without any detectable change in service, he is being assessed $2,000.00. Under the expired district, Plaintiff eMarket was assessed $55.00 for street sweeping; under the current District, it is being assessed $1,419.16. They submitted there must be a rational basis between the benefit to their property and the assessment.

¶ 11 Plaintiffs submitted at the § 39–111 hearing, the City Council did not follow the requirements of § 39–111 by making a final determination of the regularity, validity, or correctness of the proceedings because it only heard protests concerning square footage discrepancies and exemptions from assessment. They also argued, "the Improvement District Statutes, as applied by City in this case, were unconstitutional and did not provide sufficient due process to plaintiffs."

¶ 12 Plaintiffs additionally argued they have the right to object to each assessment of their properties, which occurs each year over a 30 year span and the assessment on their properties is an illegal taking of their property.

¶ 13 On May 25, 2011, the trial court entered Order Granting City of Tulsa's Combined Motion for Summary Judgment wherein it entered judgment in favor of City against all Plaintiffs on all claims. Plaintiffs appeal.

¶ 14 In their petition in error, Plaintiffs raise issues of law to be reviewed. However, they also contend "[s]ummary judgment in favor of both defendants (Intervenors and City), was improper, as there are both factual and legal disputes which are unresolved."

¶ 15 The role of the petition in error as a mechanism with which to enlighten appellate courts of alleged trial court error is more important where the case is filed pursuant to Supreme Court Rule 1.36.

In the absence of appellate briefs, the reviewing courts have only the petition in error to determine relevant issues. "Shotgun" allegations, where illumination of issues may not be otherwise obtained, are too vague and general to meaningfully apprise the appellate court of the reasons for which relief is sought.

*Booker v. Sumner,* 2001 OK CIV APP 22, 19 P.3d 904.

■ ¶ 16 Plaintiffs' assertion the trial court erred in granting summary judgment because there are unresolved factual issues is too vague and general to meaningfully apprise this Court of the reasons for which relief is sought. As such, their assertion that summary judgment is improper because there are unresolved factual disputes is insufficient to preserve error.

¶ 17 Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. *First State Bank v. Diamond Plastics,* 1995 OK 21, 891 P.2d 1262. Review of contested issues of law is governed by a *de novo* standard. In its re-examination of a trial court's legal rulings, an appellate court exercises plenary, independent and nondeferential authority. *Gladstone v. Bartlesville Independent School District No. 30,* 2003 OK 30, 66 P.3d 442.

■ ¶ 18 In their petition in error Plaintiffs urge the trial court erred in granting summary judgment in favor of City because under § 39–111, City has a duty to prove Plaintiffs received a special benefit equivalent to the assessment. They contend:

As all properties within the district, regardless of location and use, were assessed on the basis of square footage of the lot, plus square footage of the building; on its face, there is no rational relationship of special benefit to assessment. Obviously,

---

8. Title 11 O.S.2011 § 39–103.1 provides, in part:
   A. In addition to those purposes set out in Section 39–103 of this title, (§ 39–103 deals with creation of improvement districts) the governing body of any municipality … may create one or more districts and levy assessments for the purpose of providing or causing

to be provided any maintenance, cleaning, security, shuttle service, upkeep, marketing, management or other services which confer special benefits upon property within the district by preserving, enhancing or extending the value or usefulness of any improvement described in § 39–103 . . . .

all properties will not receive the same special benefit. Obviously, location will affect any special benefit which may be conferred.

¶ 19 In Cox II, this Court stated the implementation of a business improvement district is a two-stage process, wherein the first stage is the creation and establishment of the terms of a district. The second stage is the approval of a municipality's determination of the actual assessments levied on properties in accordance with the terms established in the first stage.

¶ 20 Prior to the first stage hearing (§ 39–108), property owners receive a notice which states an interested person may ascertain at the municipal clerk's office "the maximum amount of benefit estimated to be conferred on each tract or parcel of land" (§ 39–107(A)(3)(b)). The notice contains "a preliminary basis for estimating the assessment."

¶ 21 At the first stage of the implementation of an improvement district, the Act provides for notice to property owners of the preliminary basis for estimating the assessment and notice of the maximum amount of benefit estimated to be conferred on the tracts of land. It is the § 39–108 hearing where property owners may object to the amount to be assessed against their property, and it is within 30 days following the hearing the owners may commence an action attacking the amount of benefit to be derived from the improvement or be perpetually barred from doing so.

¶ 22 Plaintiffs urge their properties do not receive a special benefit equivalent to their assessments because the method of assessment (square footage of the lots plus square footage of the buildings) does not assess them equally.

¶ 23 At this stage in the process, the statutes provide notice of the amount to be assessed and the method of assessment. If a property owner seeks to attack whether there is a benefit or the amount of the benefit to be derived from the improvement, he may do so only within 30 days succeeding the determination of the governing body.

¶ 24 This action is brought pursuant to the second stage in the process wherein the governing body determines the actual assessments levied on the property in accordance with terms established in the first stage. At the assessment hearing, the property owner of an assessed tract of land may object, among other things, to the correctness of the amount of the assessment levied against his land. The governing body shall levy the assessments by ordinance, which shall be the final determination of the correctness of the proceedings, the assessment roll, each assessment contained on the assessment roll, and the amount of the assessment levied against the tract of land.

¶ 25 In this § 39–111 action, Plaintiffs attack the amount of benefit derived from Field by contending they received no special benefits. They also attack the basis for estimating the assessment—the square footage of lots plus square footage of buildings—as failing to provide a rational relationship of special benefit to the assessment.

¶ 26 These allegations form the basis of an action filed pursuant to a § 39–108 hearing. However, Plaintiffs did not commence such an action within 30 days after City created District. Failing to avail themselves of this remedy bars them from a right of action thereafter. The Legislature has provided remedies which must be resorted to, and if the remedies given are not resorted to within the time prescribed, the right to contest the amount of benefit to be derived from construction of Field, the basis for estimating the assessment, and whether it provides a rational relationship of special benefit to the assessment is barred. *Town of Burbank v. Sheel*, 1928 OK 362, 131 Okla. 292, 268 P. 1106.

¶ 27 Therefore, because Plaintiffs did not file their petition until June 24, 2009, which was in excess of the 30 days provided by § 39–108(D) for commencing an action in the district court, they are barred from attacking the amount of benefit they received from construction of Field, the basis for estimating the assessment, and whether it provides a rational relationship of special benefit to the assessment. The trial court did not err in granting summary judgment in City's favor on this issue. *Gladstone v. Bartlesville Independent School Dist. No. 30, Id.*

¶ 28 Next, Plaintiffs contend the trial court erred in granting summary judgment in favor of City because at the § 39–111 assessment hearing, City only considered objections dealing with square footage discrepancies and exceptions, and, thus, did not make a final determination of all issues as required by § 39–111.

¶ 29 In their petition, Plaintiffs "... attack[ed] the regularity, validity and correctness of the proceedings...." (§ 39–111(D)). Their contention City Council's "final determination" of the issues set forth in § 39–111(C)(1) "leaves all issues open for consideration, including killing the district," is without merit. As discussed, their arguments regarding the amount of benefit they received from construction of Field, the basis for estimating the assessment, and whether it provides a rational relationship of special benefit to assessment are not issues for final determination pursuant to § 39–111(C)(1).[9]

¶ 30 Moreover, while they alleged the assessment hearing was "irregular, by reason of misapplication of law ...," they did not specify objections not considered by the City Council which prevented a final determination of the issues. § 39–111(C)(1). As a result, this Court may not determine the assessment hearing was "irregular, by reason of misapplication of law ..." The trial court did not err in granting City's motion for summary judgment in this issue. *Gladstone v. Bartlesville Independent School Dist. No. 30, Id.*

¶ 31 Finally, Plaintiffs submit the trial court erred in granting City's motion for summary judgment because the annual assessment on their property for a period of 30 years for construction of Field is an unconstitutional taking of their property.

¶ 32 Plaintiffs argued, "the Improvement District Statutes, as applied by City in this case, were unconstitutional and did not provide sufficient due process to plaintiffs."[10] They claimed *Daffin v. State ex rel. Oklahoma Dept. of Mines,* 2011 OK 22, 251 P.3d 741, "calls into question the constitutionality of the statutes in foreclosing the ability to challenge the creation of the district by requiring that a written objection be filed during the first-stage hearing and then requiring an appeal to the creation be filed within 30 days. The procedural redundancy which seeks to bar objections is unconstitutional."

¶ 33 In *Daffin,* the issue was the validity of an Oklahoma administrative law regulation which limited the parties entitled to appear at an informal conference with Department of Mines concerning a pending application for a mining permit. The regulation excluded the plaintiff from attending the conference because he did not own property within one mile of the proposed site. While labeled informal, the conference was an essential and outcome determinative step in the quasi-judicial administrative process. The consequences of his exclusion from the conference were (i) the plaintiff would not be entitled to notice of Department's decision on the pending permit application, (ii) the opinions and evidence presented at the conference were part of the agency record, and (iii) the effect of the plaintiff's exclusion was to shift a burden to the plaintiff to persuade Department to reconsider its decision. The Supreme Court determined the administrative regulation did not permit the plaintiff to adequately protect his interest and was violative of due process.

¶ 34 *Daffin* is not a case which challenges the constitutionality of the Improvement District Act; thus, it is inapposite. Pursuant to the Act, property owners or any interested persons are entitled to notice. In § 39–107, notice of the § 39–108 hearing states the maximum amount of benefit estimated to be conferred on each tract and contains a pre-

---

9. These issues for final determination deal with "the regularity, validity and correctness of the proceedings, the assessment roll, each assessment contained on the assessment roll, the amount of the assessment levied against each tract or parcel of land...."

10. In their objection to the motion for summary judgment, Plaintiffs cited:

U.S. CONST. amend. V which provides:
    No Person shall be ... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.
and Okla. Const. Art. II, § 24, which provides:
    Private property shall not be taken or damaged for public use without just compensation.

liminary basis for estimating the assessment. Section 39–108 provides property owners the opportunity to raise their objections to the amount to be assessed to their tracts at the hearing.

¶ 35 The due process clauses of the United States and Oklahoma Constitutions provide that citizens cannot be deprived of their rights to life, liberty or property without first receiving notice and a meaningful opportunity to appear and be heard.[11]  See gen., *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).  As applied to these facts, Act does not violate Plaintiffs' due process rights.[12]

¶ 36 Plaintiffs' argument the assessment is an unconstitutional taking of their property, is without merit.  Although they cite Okla. Const. Art II § 24 as the basis for their argument, their constitutional arguments are based on alleged violations of due process, as discussed above.

¶ 37 Because the trial court did not err in granting City's motion for summary judgment, this matter is AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.

---

11.  U.S. CONST. amend. XIV provides:
Section 1.  All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States;  nor shall any State deprive any person of life, liberty, or property, without due process of law;  nor deny to any person within its jurisdiction the equal protection of the laws.

Okla. Const. Art. II, § 7 provides:
No person shall be deprived of life, liberty, or property, without due process of law.

12.  Whether Plaintiffs actually received notice is not before this Court in this appeal from an action filed pursuant to § 39–111.  Moreover, "Failure of the owner to receive any notice shall not invalidate any of the proceedings authorized in the Improvement District Act." § 39–107(C).