19 P.3d 904 (2001)
2001 OK CIV APP 22
Stan BOOKER, also known as Stanley Booker, Plaintiff/Counter-Defendant/Appellee,
v.
Gary L. SUMNER, Defendant/Cross-Defendant/Appellant, and
Patsy Louise Sumner, also known as Patsy Louise Webb, Defendant/Counter Claimant/Cross-Claimant/Third Party Plaintiff,
v.
Fred B. Sumner, The Estate of Jean A. Sumner, Deceased, and The United States of America, ex rel., The Federal Deposit Insurance Corporation, Third-Party Defendants.
No. 95,180.
Court of Civil Appeals of Oklahoma, Division No. 3.
January 19, 2001.
Charles L. Barnes, Duncan, OK, for Appellant.
Kent P. Sullivan, Duncan, OK, for Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.

*905 OPINION

CAROL M. HANSEN, C.J.
¶ 1 Appellant, Gary L. Sumner (Sumner), leased certain real property to Appellee, Stan Booker (Booker). The lease agreement was for a five year term, "with a 1st right of refusal on subsequent lease or sale option to purchase at anytime for $65,000.00." Booker attempted to exercise the option to purchase. Sumner, asserting that at the time of agreement he was not aware the real property in question was subject to liens by his former wife, Defendant Patsy Louise Webb (Webb), and Third Party Defendant, Federal Deposit Insurance Corporation (FDIC), refused to deliver the property free and clear of the liens.
¶ 2 Booker brought this action seeking specific performance of the purchase option and a determination that any rights held by Webb were inferior to his. If specific performance could not be granted, Booker requested money damages. Webb filed counter, cross and third-party claims to protect her interest. After settling with Sumner, she dismissed all claims and disclaimed any right to the subject property. The only parties remaining were Booker and Sumner.
¶ 3 Booker moved for summary judgment. He reiterated his request for specific performance of the purchase option, with Sumner required to pay off the FDIC lien. In the alternative, Booker asked the court to order Sumner to transfer the property subject to the FDIC lien, and then grant damages in the amount of the difference between the purchase price and the amount to obtain release of the lien.
¶ 4 The trial court entered summary judgment providing substantially the relief Booker requested. Sumner brings his appeal from the trial court's judgment. The appeal is submitted without appellate briefing in accordance with the accelerated procedure under Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch.15, App.
¶ 5 Summary judgment is appropriate where it appears there is no substantial controversy as to any material fact, and that a party is entitled to judgment as a matter of law. First State Bank v. Diamond Plastics, 1995 OK 21, 891 P.2d 1262 (Okla.1995). All inferences to be drawn from the underlying facts will be reviewed in the light most favorable to the party opposing the motion for summary judgment. First State Bank v. Diamond Plastics, at 1266.
¶ 6 Prior to considering the substance of Sumner's appellate contentions, we must first determine if he has preserved any issues for our review. In his Petition in Error, Sumner raises the following three proposed issues to be considered by this Court:
The Trial Court erred in granting summary judgment to the Plaintiff/Appellee because there were substantial issues of fact.
The Trial Court erred in granting the Plaintiff/Appellee's Motion for Summary Judgment because the decision is contrary to law.

*906 The Trial Court erred in granting the Motion for Summary Judgment and denying the Defendant/Appellant the opportunity to have this matter submitted to arbitration pursuant to the terms of the contract.
¶ 7 Sumner's first assertion of trial court error is very similar to that in the petition in error in Kirschstein v. Haynes, 1990 OK 8, 788 P.2d 941. There the Supreme Court found the allegation that the evidence "shows a substantial controversy of material fact necessitating a trial" was insufficient to preserve any error. The Court denounced this type of "shotgun" approach to appellate pleading, including "contrary to law" language substantially the same as Sumner's second allegation of trial court error. The Kirschstein Court held that failure to raise an issue of error in the petition in error is fatal to its consideration.
¶ 8 In Markwell v. Whinery's Real Estate, Inc., 1994 OK 24, 869 P.2d 840, the Supreme Court revisited the pleading rule set out in Kirschstein. The Markwell Court noted, "... although the specifications or assignment of error should designate the allegations of error clearly so that the court and opposing parties may ascertain the issues raised, substantial compliance is sufficient...".
¶ 9 While the allegation of trial court error in Markwell was merely "whether the trial court erred in sustaining Whinery's motion for summary judgment", the Supreme Court found this sufficient when considered with the summary of the case in the petition in error. The Court additionally held deficiencies in the petition in error were effectively amended by filing of a timely brief.
¶ 10 The matter before us is distinguishable from Markwell. Here, pursuant to Supreme Court Rule 1.36, there is no brief to amend the defective "shotgun" language in Sumner's first two assertions of trial court error. Similarly, the summary of the case in Sumner's petition in error does not contain the specificity found in the Markwell summary.
¶ 11 In Markwell, the summary stated that Markwell was a business invitee and that Whinery's breached its contractual and common law duties as a common carrier. Sumner's summary only provides a few basic factsthere was an option agreement, Booker wished to exercise it, but Sumner refused to remove certain liens. There is no contention that any of these facts are in controversy, nor is there any statement that, without some speculation, would raise a question of law.
¶ 12 The role of the petition in error as a mechanism with which to enlighten appellate courts of alleged trial court error is even more important where the case is filed pursuant to Supreme Court Rule 1.36. In the absence of appellate briefs, the reviewing courts have only the petition in error to determine relevant issues. "Shotgun" allegations, where illumination of issues may not be otherwise obtained, are too vague and general to meaningfully apprise the appellate court of the reasons for which relief is sought. See, Slagell v. Slagell, 2000 OK 5, 995 P.2d 1141(Motion for new trial which stated "the decision of the court is not sustained by the evidence, and is contrary to the law of the State of Oklahoma" insufficient to preserve error for appeal.)
¶ 13 Only Sumner's third allegation of trial court error, regarding arbitration, is stated with sufficient specificity to preserve error for our review. In its judgment, the trial court found Sumner had waived his contractual right to arbitration based upon the factors enumerated in Northland Insurance Co. v. Kellogg, 1995 OK CIV APP 84, 897 P.2d 1161.
¶ 14 Review of an order finding a right to arbitration had been waived is a mixed question of fact and law. Kellogg, at 1162. Whether the trial court applied the correct legal standards is a de novo review for correctness, while the review of a trial court's determination of the existence of facts supporting waiver is deferential in nature. Id. There is a strong presumption in favor of provisions for arbitration. Id.
¶ 15 In Kellogg, the Court notes the lack of a uniform test for determination of waiver, but lists the following six factors as essentially encompassing the various tests adopted in most jurisdictions:

*907 1. Whether a party has taken actions inconsistent with a right to arbitrate;
2. Whether the issue of arbitration was raised only after there had been significant preparation for litigation;
3. Whether the trial date is near or there has been long delay in raising the issue of contractual arbitration rights;
4. Whether the party invoking the arbitration right has filed pleadings in the litigation without seeking a stay of proceedings;
5. Whether the party seeking arbitration has engaged in discovery proceedings that are not available in arbitration or participated in other important intervening steps:
6. Whether the opposing party has been prejudiced by the delay in asserting the right to arbitrate.
See also, Towe Hester & Erwin, Inc. v. Kansas City Fire and Marine Ins. Co., 1997 OK CIV APP 58, 947 P.2d 594 (Lists substantially the same factors).
¶ 16 The record does not reflect Sumner asserted any rights under the arbitration provision prior to initiation of this action by Booker on November 9, 1998. There is a pre-litigation exchange of correspondence between counsel, with no mention of arbitration rights. Sumner filed his Answer on December 7, 1998, without asserting his arbitration rights.
¶ 17 Sumner was deposed by Booker on March 1, 2000. During that deposition, Sumner, in response to a question about another provision, mentioned as an aside that there was an arbitration clause and he wondered "why we're doing this right here." He, however, made no demand that he had a right to arbitration. Sumner deposed Booker on March 10, 2000. Sumner indicates Booker was asked if arbitration had taken place, but again there is nothing to establish a demand for arbitration was made.
¶ 18 On April 27, 2000, Sumner responded to Booker's Request for Admissions, Interrogatories and Request for Production of Documents and did not assert his right to arbitration. In fact, Sumner did not assert his right to arbitrate until May 5, 2000, when he filed his response to Booker's motion for summary judgment. This is almost four years after the initial exchange of correspondence between counsel, and one and a half years after Booker filed his Petition.
¶ 19 While neither Kellogg nor Towe Hester & Erwin suggests that all of the listed factors need be satisfied to support a finding of waiver, we believe the evidence does support a finding that are all satisfied here. Sumner's knowing acquiescence in continuation of the litigation process is inconsistent with the right to arbitrate. There had been significant preparation for litigation before he demanded arbitration. There was a long delay in the request and the case had been presented for final disposition by Booker's motion for summary judgment. Kellogg, 897 P.2d at 1163.
¶ 20 Sumner had filed his Answer and other pleadings without requesting a stay of proceedings for arbitration. He had engaged in discovery proceedings through depositions and interrogatories. If binding arbitration was imposed, Booker would be prejudiced by the excessive loss of time required to get a determination of his rights, and by the expense of litigation which would have been obviated by Sumner's timely demand for arbitration.
¶ 21 Notwithstanding the presumption in favor of arbitration provisions, the trial court's finding that Sumner waived his right to arbitration is supported by the evidence and is consistent with the legal standards for such determination in Oklahoma. That being the only issue properly before us, the trial court's judgment is AFFIRMED.
¶ 22 GARRETT, J., and BUETTNER, P.J., concur.