2012 OK CIV APP 1

**SIEMENS FINANCIAL SERVICES, INC., Plaintiff/Appellee,**

v.

**MTG GUARNIERI MANUFACTURING, INC. d/b/a Hearn Machine Tool, and Matthew E. Guarnieri, Defendants/Third–Party Petitioners/Appellants,**

and

**John Carter, Third–Party Defendant/Appellee.**

**No. 108,464.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 14, 2011.

John B. Heatly, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Larry Jay McMains, Johnston & McMains, PC, Seminole, Oklahoma, for Defendants/Third–Party Petitioners/Appellants.

Robert S. Duran, Jr., Joseph M. Vorndran, George Wright, Stuart, Clover, Duran & Thomas, Shawnee, Oklahoma, for Third–Party Defendant/Appellee.

ROBERT D. BELL, Chief Judge.

¶ 1 Defendants/Third–Party Petitioners/Appellants, MTG Guarnieri Manufacturing, Inc., d/b/a Hern Machine Tool (Company) and Matthew E. Guarnieri, appeal from the trial court's summary judgment in favor of Plaintiff/Appellee, Siemens Financial Services, Inc. (Siemens), in its action to recover damages for breach of an equipment lease and to enforce Guarnieri's unconditional guaranty of the lease obligation and on Defendants' counterclaims. Defendants also appeal from the trial court's partial summary judgment in favor of Third–Party Defendant, John Carter, on Defendants' third party petition. After *de novo* review, we affirm the trial court's judgments.

¶ 2 On July 1, 2008, Company entered into an equipment lease with Manufacturing Financing Service (MFS), Siemens' predecessor in interest, to lease a Hass hollow spindle lathe. Guarnieri unconditionally guaranteed Company's lease obligation to MFS. MFS assigned all of its rights under the lease and guaranty to Siemens. Company defaulted on the lease and ceased making payments thereon. On June 16, 2009, after default, Defendants entered into an agreement to voluntarily surrender the equipment to Siemens. The surrender agreement recited that as a result of the default, Siemens was entitled to immediate possession of the equipment and that Siemens may "sell by a private or public sale any or all the Equipment, lease the Equipment, or otherwise dispose of the Equipment." Paragraph 4 of the surrender agreement provided:

*No Satisfaction of Outstanding Balance/Reservation of Right/No modification of Obligations owed to Siemens Financial under the Lease and the*

*Guaranty.* Siemens Financial does not accept the Equipment in full or partial satisfaction of the Outstanding Balance. Siemens Financial's entry into this Letter Agreement and the sale and/or return of the Equipment is not a waiver of any of the Defaults or a waiver of its rights to pursue any and all deficiency claims available to it against MTG and/or Matthew F. Guarnieri at law or in equity. The Outstanding Balance remains due and payable in full and no portion of the Outstanding Balance or provision of the Lease or any document related thereto is waived, modified or altered hereby. Siemens Financial is free to apply any payment received by it in respect of the Outstanding Balance to costs incurred by it in connection with the return and/or sale of the Equipment, including with limitation, repossession costs, marketing fees, storage fees, any repair costs, shipping costs and attorneys' fees and costs. Without limiting the foregoing, Siemens Financial hereby reserves all of its rights and remedies as against MTG, Matthew F. Guarnieri and any other individual or entity liable to Siemens Financial under the Lease, including the Guaranty. Nothing contained in this Letter Agreement or any delay on the part of Siemens Financial in exercising any of its rights and remedies under the Lease, the Guaranty, this Letter Agreement, any related agreement and/or applicable law shall be considered to be a waiver or modification thereof.

¶ 3 On August 12, 2009, Siemens filed this action against Company to recover damages under the terms of lease and against Guarnieri, to recover under the guaranty. Defendants acknowledged their default and liability under the lease and guaranty, but stated counterclaims against Siemens "to the extent that the recovery sought is inequitable in light of the value of the equipment repossessed and the affirmative defenses hereinafter asserted." Defendants filed a third party petition against John Carter alleging he breached his agreement to assume the lease obligation. Carter filed an answer and counterclaims against Defendants.

¶ 4 Carter sought partial summary judgment in his favor on the issues raised in Defendants' third party petition. Siemens also sought summary judgment on the issues raised in its petition and on Defendants' counterclaims. Defendants opposed Siemens' motion alleging material disputed facts existed as to whether Siemens used its "unfair bargaining position to obtain a double recovery against a company that is financially struggling." Defendants argued Siemens was aware that Carter was the intended lease obligor and Siemens agreed to work with Company to obtain a substitute purchaser for the equipment. Defendants asserted Siemens owed them a duty of good faith and fair dealing and a duty to mitigate damages. Without specifying the material disputed facts precluding the entry of judgment in his favor, Defendants argued Carter's motion should be denied because: "There are significant factual issues that need to be resolved in determining the financial liability of Carter with regard to the subject matter of this lawsuit."

¶ 5 After considering the parties' motions and responses, the trial court rendered judgment in Siemens' favor on all of its claims and against Company and Guarnieri and on Defendants' counterclaims. The trial court also denied Defendants' motion for new trial. By a separate journal entry of judgment, the trial court granted partial summary judgment to Carter on all of Defendants' third party claims. Only Carter's third party counterclaims remained pending. Carter later dismissed his third party counterclaims against Defendants without prejudice. Defendants now appeal from these judgments.

¶ 6 This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2003, Ch. 15, App. We review the trial court's grant of summary judgment *de novo* because the ultimate decision turns on the purely legal determination as to whether Siemens and Carter are entitled to judgment as a matter of law. *Cranford v. Bartlett*, 2001 OK 47, ¶ 2, 25 P.3d 918, 919–20.

¶ 7 Defendants' petition in error raises the following two issues on appeal:

1. The trial court's failure to recognize the existence of material disputed facts and conflicting evidence presented in the Motions for Summary Judgment and Responses thereto, which should have rendered summary judgment inappropriate under applicable Oklahoma case law.

2. The Trial Court's failure to correctly apply the relevant California and New Jersey case law to the facts presented in Appellants' Responses to Motions to Summary Judgment.

■ ¶ 8 Due to the imprecise and generalized nature of the first assignment of error, we must first determine if Defendants' first assignment of error preserved any issues for review. We reiterate the petition in error in an accelerated procedure case must comply with the general rules regarding petitions in error. Rule 1.36, *Oklahoma Supreme Court Rules*. Rule 1.301, Form No. 5, *Oklahoma Supreme Court Rules*, requires the appellant to attach an Exhibit "C" and "[i]nclude each point of law alleged as error." Form No. 5 cautions: "Avoid general statements such as 'Judgment not supported by law.'" Under Rule 1.36, where briefs are absent, the petition in error plays a critical role in determining what issues the appellant has preserved for consideration on appeal. *Booker v. Sumner*, 2001 OK CIV APP 22, ¶ 12, 19 P.3d 904, 906.

¶ 9 In *Booker*, the appellant raised the following allegation of error: "The Trial Court erred in granting summary judgment to the Plaintiff/Appellee because there were substantial issues of fact." *Sumner* determined this allegation of error was insufficient to preserve an issue of error. Similarly, *Kirschstein v. Haynes*, 1990 OK 8, 788 P.2d 941, denounced the "shotgun" approach to appellate pleading and held the allegation that the evidence "shows a substantial controversy of material fact necessitating a trial" was insufficient to preserve any error and was fatal to its consideration.

¶ 10 *Markwell v. Whinery's Real Estate, Inc.*, 1994 OK 24, 869 P.2d 840, qualified the procedural rule in *Kirschstein* by stating general allegations of error may be sufficient if the summary of the case attached to the petition in error clarifies the issues on appeal. However, here, unlike the facts in *Markwell*, the summary of the case attached to the petition in error does not contain enough specificity to amend the defective "shotgun" language in Defendants' first assignment of error. In the instant case, Defendants' summary of the case (Exhibit B to their petition in error) fails to delineate any legal theories or the disputed facts supporting their claim of trial court error. Instead, the summary of the case simply alleged Company entered into the lease and Guarnieri was enticed to sign the guaranty at Carter's behest to enable Carter to acquire and operate a division of Company that Carter was acquiring. Carter eventually abandoned his efforts to operate the division, defaulted on his agreement with Defendants and returned the Hass hollow spindle lathe and other equipment to Company. Defendants were left to respond to the subject indebtedness and other obligations incurred by Carter prior to his departure. Siemens' personnel agreed to find a substitute lessee or purchaser for the equipment, thus Defendants signed, without consideration, a "voluntary" Surrender Agreement, which effectively stripped Defendants of all defenses and paved the way for the inequitable "double recovery" by Siemens.

¶ 11 We find Defendants' "shotgun" allegation of trial court error in their first assignment of error is too vague and general to meaningfully apprise this Court of the reasons for which appellate relief is sought. Accordingly, we hold Defendants' first assignment of error is not sufficient to preserve error.

■ ¶ 12 Defendants' second assignment of error alleges the trial court failed to apply the relevant California and New Jersey case law to the facts presented in Defendants' responses to the motions for summary judgment. After *de novo* review of the record, we find no indiction that the trial court failed to apply the relevant New Jersey and California law to the facts and legal theories of this case. In fact, Seimens' motion for summary judgment stated both California and

New Jersey substantive law control in the instant case and Siemens actually cited to such law throughout its briefs. Thus, we presume the trial court applied the proper choice of law.

¶ 13 The trial court's judgment in favor of Siemens on its motion for summary judgment and on Defendants' counterclaims is affirmed. We further note Defendants' petition in error failed to preserve any specific challenge to the trial court's judgment in favor of Carter. Consequently, that judgment is also affirmed.

¶ 14 AFFIRMED.

HETHERINGTON, P.J., and HANSEN, J., concur.