2013 OK CIV APP 47

**E & F COX FAMILY TRUST; Michael Samara; Better Price Warehouse Sales Company, Inc.; Chromium Plating Co., Inc.; Group M. Investment, L.L.C.; Tulsa Properties, L.L.C.; Basil Roberts, L.L.C.; Stephen C. Wolfe; Corporate Conco Rentals, Inc.; Argo Properties, L.L.C.; Clinton D. Elliott; Lester Springer; Harold Nixon; M.C. Enterprises, Inc.; Main Square Towers, Inc.; Gary Dean Meade & Carolyn Meade Family Trust; Terrell Palmer & Su-**

---

zanne Palmer Revocable Living Trust;
Blake Properties Trust; Koenig Proper-
ties, Inc.; James O. Folsom & Marcia
Lynn Folsom; Dale & Vivian Wood
d/b/a Wood Enterprises, Plaintiffs/Ap-
pellants,

v.

The CITY OF TULSA; Kathy Taylor, in
her official capacity as the Mayor of the
City of Tulsa; and Michael P. Kier, in
his official capacity as the Director of
Finance, Defendants/Appellees,

and

Tulsa Stadium Trust; Mayo Hotel &
Lofts, L.P.; McFarlin Building, L.L.C.;
Wright Building Annex, L.L.C.; Midco
Building, L.L.C.; First Street Lofts; Re-
union Investments Limited, L.L.C.;
Team Properties, L.L.C.; and Williams
Companies, Intervenors/Appellees.

Nos. 109,691, 109,614.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Jan. 18, 2013.

Certiorari Denied April 29, 2013.

Alfred K. Morlan, Tulsa, OK, for Plaintiffs/Appellants,

Gerald M. Bender, Tulsa, OK, and Frederic Griffin Dorwart, Margaret Lee Kobos, J. Michael Medina, Frederic Dorwart Lawyers, Tulsa, OK, for Defendants/Appellees, City of Tulsa and Kathy Taylor.

BRIAN JACK GOREE, Judge.

¶ 1 This is a companion case to Case No. 109,279 (cons. w/109,280) and to Case No. 109,614. Appeals 109,279 and 109,280 were consolidated for consideration and decision by order of the Supreme Court. Although Appeals 109,279 and 109,614 arise from the same circumstances as the present appeal, they contain separate issues and thus were not consolidated, but were made companion cases. We consider these cases in separate opinions.

¶ 2 In this case, which the parties have referred to as "Cox II," Plaintiff/Appellants, E & F Cox Family Trust, Michael Samara, Better Price Warehouse Sales Company, Inc., Chromium Plating Co., Inc., Group M. Investment, L.L.C., Tulsa Properties, L.L.C., Basil Roberts, L.L.C., Clinton D. Elliott, Lester Springer, Harold Nixon, M.C. Enterprises, Inc., Main Square Towers, Inc., Gary Dean Meade & Carolyn Meade Family Trust, Terrell Palmer & Suzanne Palmer Revocable Living Trust, Blake Properties Trust, Koenig Properties, Inc., James O. Folsom & Marcia Lynn Folsom, Dale & Vivian Wood d/b/a Wood Enterprises seek review of the trial court order granting summary judgment in favor of Defendant/Appellees, City of Tulsa, Kathy Taylor, and Michael P. Kier and against Plaintiffs on all claims.[1]

¶ 3 In their Third Amended Class Action Petition,[2] Plaintiffs alleged, among other things, they own real property and improvements subject to assessment as a result of the creation of the Tulsa Stadium Improvement District No. 1 (District).[3] They further alleged some of them received notices informing them their properties would be subject to assessment beginning on July 9, 2009, at a rate of $0.065 per square foot and advising that objections to assessments should be filed in writing not later than April 6, 2009, by 5:00 p.m. and that a public hearing would be convened by City Council at 6:00 p.m. on April 9, 2009, in the Council Chambers at City Hall.

¶ 4 Plaintiffs also alleged Defendant, Michael Kier, Director of Finance, and other employees of Defendant City of Tulsa wrongfully informed Plaintiffs the only valid objection to the proposed assessments was the accuracy of the square footage calculation of land and improvements to be assessed. As a result, Plaintiffs alleged they were deprived of due process and the statutory right to a hearing on the issues of (1) whether their properties will benefit at all and (2) whether the assessments against their respective properties are disproportionate to any benefit to the properties.

¶ 5 Plaintiffs alleged City willfully manipulated the process associated with the creation of District and the assessment roll in an effort to deprive them of adequate notice and the opportunity to object thereto. They further alleged City wrongfully deprived them of the opportunity to present evidence or challenge the amount of the assessment on their respective properties. They also alleged City wrongfully deprived them of the opportunity to have a full and fair hearing determining what benefits, if any, are conferred on their properties by the proposed public services to be provided, or the proposed multi-purpose facility, now known as

---

1. Four of the above-mentioned Plaintiffs were also plaintiffs in Case No. CJ–2008–0450/Appeal No. 109,279. This Court will refer to Appeal No. 109,279 as Cox I.

2. Following the trial court's denial of Plaintiffs' request for injunctive relief, Plaintiffs abandoned their class action allegations in favor of individual relief.

3. On July 10, 2008, the City Council of the City of Tulsa (City) adopted Resolution 7571 creating District. The resolution stated District was created to provide improvements and services for the benefit of the property within District. The resolution also stated assessments levied against properties within District pay for improvements and services by a formula of gross square footage (square footage of land + square footage of building) × $0.065. It further stated assessments shall commence July 1, 2009.

ONEOK Field [Field] to be paid for with a portion of the assessment proceeds.

¶6 Additionally Plaintiffs alleged their properties will not specially benefit from the construction and operation of the proposed Field to a greater degree than other properties not included in District. They alleged their properties will not benefit at all or will benefit only minimally from the assessments, which constitutes a taking of their properties without just compensation.

¶7 On May 20, 2011, Defendants filed their motion for summary judgment.[4] Among other things, City argued Plaintiffs' challenge to the creation and terms of District is barred by the express provisions of 11 O.S.2011 § 39–108(D).[5] It contended to the extent Plaintiffs attacked the creation and terms of District, or amount of benefit to be derived from it, the statute bars the claim.

¶8 In Plaintiffs' Brief in Opposition to (Defendants') Motion for Summary Judgment and Brief in Support of Plaintiffs' Motion for Summary Judgment,[6] Plaintiffs argued City violated the spirit and intent of 11 O.S.2011 § 39–111[7] when it refused to give them a hearing on their complaint that their properties did not benefit from the creation

---

**4.** Defendants adopted Tulsa Stadium Trust's and Intervening Property Owners' (Intervenors') Combined Motion for Summary Judgment. On May 19, 2011, the trial court filed an order granting Intervenors' motion for summary judgment.

**5.** Section 39–108 provides:

A. At the hearing of the governing body on the proposed resolution creating a district, any interested person or owner of property to be assessed for the improvement may file a written protest or objection questioning the:
1. Propriety and advisability of constructing the improvement;
2. Estimated cost of the improvement;
3. Manner of paying for the improvement; and
4. Amount to be assessed against the individual tract or parcel of land.
. . .
D. Within thirty (30) days after the governing body has concluded the hearing; determined the advisability of constructing the improvement and the type and character of the improvement; and created the improvement district, any person who, during the hearing, filed a written protest with the governing body protesting the construction of the improvement may commence an action in district court to correct or set aside the determination of the governing body. After the lapse of thirty (30) days succeeding the determination of the governing body, any action attacking the validity of the proceedings and the amount of benefit to be derived from the improvement is perpetually barred. . . .

**6.** Plaintiffs adopted by reference their response to Intervenors' motion for summary judgment.

**7.** Title 11 O.S.2011 § 39–111 provides:

A. Not later than three (3) days before the date of the hearing on the assessment roll, any owner of a tract or parcel of land which is listed on the assessment roll may file his specific objections to the amount of the assessment in writing with the city clerk. Unless presented as required in this subsection, any objection is deemed waived as to the regularity, validity and correctness of:
1. The proceedings;
2. The assessment roll;
3. Each assessment contained on the assessment roll; or
4. The amount of the assessment levied against each tract or parcel of land.
B. At the hearing, the governing body shall hear all objections which have been filed as provided in this section and may recess the hearing from time to time and, by resolution, revise, correct, confirm or set aside any assessment and order another assessment be made de novo.
C. The governing body by ordinance shall by reference to such assessment roll, or assessment roll as modified, if modified, and as confirmed by resolution, levy the assessments contained in the assessment roll. The decision, resolution and ordinance of the governing body shall be:
1. A final determination of the regularity, validity and correctness of the proceedings, the assessment roll, each assessment contained on the assessment roll, the amount of the assessment levied against each tract or parcel of land; and
2. Conclusive upon the owners of the tract or parcel of land assessed.
D. Within fifteen (15) days after the publication or posting of the ordinance, any owner who has filed an objection as provided in this section may commence an action in district court to correct or set aside the determination of the governing body. After the lapse of fifteen (15) days after the publication or posting of the ordinance, all actions, which include the defense of confiscation or attack the regularity, validity and correctness of the proceedings, the assessment roll, each assessment contained on the assessment roll, and the amount of the assessment levied against each tract or parcel of land, are perpetually barred.

of District.[8] Specifically, they complained District assessed all property in the Inner Dispersal Loop (IDL)[9] at a flat rate per square foot of land and building without regard to the fair market value of land, current use of land, highest and best use, and location of land relative to Field. They further complained the method of assessment of property created disproportionate assessments levied on property relative to benefits, if any, enjoyed by the properties as a result of the construction and operation of Field.

¶ 9 In Plaintiffs' Motion for Summary Judgment,[10] Plaintiffs stated Defendant Michael Kier notified them by letter of an assessment hearing on April 6, 2009, to consider the proposed approval of the assessment roll ordinance. The letter advised them that if they "wish to object to the amount of the assessment," they must file written objections.[11] All Plaintiffs did so.

¶ 10 At the assessment hearing, there was a discussion regarding the nature and extent of the hearing. City decided the only issue regarding assessment appropriate for consideration was whether the square footage determinations on the assessment roll were incorrect. Again, Plaintiffs contended they were not given the opportunity to present evidence their properties would not benefit from creation of District. Thus, they submitted they were denied due process by the City Council.

¶ 11 Following the June 24, 2011, Order Granting Motion for Summary Judgment of Defendants, City of Tulsa, Kathy Taylor, and Michael P. Kier against all Plaintiffs on all claims, Plaintiffs appeal.

¶ 12 The material facts in this cause are undisputed. Review of contested issues of law is governed by a *de novo* standard. In its re-examination of a trial court's legal rulings, an appellate court exercises plenary, independent and nondeferential authority. *Gladstone v. Bartlesville Independent School District No. 30*, 2003 OK 30, 66 P.3d 442.

¶ 13 Since the adoption of the 1978 Improvement District Act (the Act), business improvement districts have been authorized in Oklahoma. 11 O.S.2011 § 39–101 *et seq.* The implementation of a business improvement district is a two-stage process. The first stage is the creation and establishment of the terms of a district. In this case, on July 10, 2008, the first stage culminated in passage of Resolution No. 7571.

¶ 14 At the first stage hearing on the proposed resolution creating a district, (§ 39–108), an interested person or property owner may file a written objection questioning, among other things, the advisability of construction of an improvement and the amount to be assessed against the tract of land to pay for it. Within 30 days after the hearing, a person who has filed a written objection at the hearing may commence an action to correct or set aside the determination of the governing body. After the lapse of 30 days following the governing body's determination, an action attacking the validity of the proceedings and the amount of benefit to be derived from the improvement, is perpetually barred.

¶ 15 The second stage is the approval of City's determination of the actual assess-

**8.** Plaintiffs did not dispute any facts set forth in Defendants' motion for summary judgment.

**9.** District's boundary lines are the highways surrounding downtown Tulsa, known as the Inner Dispersal Loop, or IDL, enclosing an area of approximately one and one-half square miles.

**10.** Plaintiffs' Motion for Summary Judgment was included in Plaintiffs' Brief in Opposition to (Defendants') Motion for Summary Judgment.

**11.** Title 11 O.S.2001 § 39–110 provides, in part, that following a hearing held pursuant to § 39–108, the governing body shall determine the maximum portion of the total estimated cost of the improvement that shall be assessed against

the benefitted tracts. The assessment shall not exceed the estimated benefit to the tract.

It also provides the governing body shall prepare and cause to be filed in the city clerk's office an assessment roll containing, among other things:
1. The name and address of the last-known owner of each tract ... to be assessed....
2. A description of the tract ... to be assessed; and
3. The amount of the assessment against each tract.
After the filing of the assessment roll, the governing body shall set a time and place for the assessment hearing when an owner may object to the amount of the assessment.

ments levied on properties in accordance with the terms established in the first stage. On April 9, 2009, the assessment hearing occurred, and on June 10, 2009, the second stage culminated in passage of Ordinance 22064.

¶ 16 In their petition in error, Plaintiffs contend the trial court erred in determining City did not deprive them of their due process rights when it refused to allow them to present evidence of the lack of special benefit to their properties from the construction and operation of Field.

¶ 17 Pursuant to § 39–111, Plaintiffs filed this action within the statute's 15 day limit seeking the due process hearing provided in the statute and allegedly denied to them by City. Plaintiffs had the opportunity within 30 days after City created District to file an action attacking the amount of benefit, or lack of it, to their tracts. § 39–108(D).[12] Failing to avail themselves of such a remedy bars them from a right of action thereafter. The Legislature has provided remedies which must be timely resorted to, and if the remedies given are not resorted to within the time prescribed, the right to contest the amount of benefit to be derived from an improvement (Field) is barred. *Town of Burbank v. Sheel*, 1928 OK 362, 131 Okla. 292, 268 P. 1106.

¶ 18 By commencing an action within 15 days after publication of the ordinance, Plaintiffs sought to attack the amount of benefit to be derived from Field. However, Plaintiffs may not object to a lack of benefit to their properties at the § 39–111 assessment hearing. At an assessment hearing, a property owner whose tract is to be assessed, may object to the amount of the assessment levied, not to the amount of benefit or lack of it to his tract of land.

¶ 19 Therefore, because Plaintiffs did not file their original petition until June 24, 2009, which was in excess of the 30 days provided by § 39–108(D) for commencing an action in the district court, they are barred from attacking the amount of benefit to be derived from Field. The trial court did not err in granting City's motion for summary judgment.

¶ 20 In their petition in error, Plaintiffs contend the trial court erred in allowing Intervenors, Tulsa Stadium Trust, Mayo Hotel & Lofts, L.P., McFarlin Building, L.L.C., Wright Building Annex, L.L.C., Midco Building, L.L.C., First Street Lofts, Reunion Investments Limited, L.L.C., Team Properties, L.L.C., and Williams Companies to intervene in this case.

¶ 21 On July 21, 2011, Plaintiffs filed a Designation of Record for Appeal from District Court. Included was Tulsa Stadium Trust's Motion to Intervene Pursuant to 12 O.S.2001 § 2024(A)(2); Response to Property Owners Motion to Intervene; Bench Brief on the Issue of Irreparable Harm, and an order granting Intervenors' motions to intervene over Plaintiffs' objection. These documents are not included in the record on appeal.

¶ 22 On July 27, 2011, the Supreme Court filed an order stating:

This cause shall proceed pursuant to Rule 1.36 of the Oklahoma Supreme Court Rules. The appellants are directed to file, not later than August 9, 2011, the original and four copies of a record prepared in accordance with Rule 1.36 of the Oklahoma Supreme Court Rules.

¶ 23 Rule 1.36 Accelerated procedure for summary judgments and certain dismissals provides, in part:

(c) **Record on Appeal.** The record on appeal will stand limited to:

(A) In appeals from summary judgment;

. . .

(3) applicable instruments on file, including the motion and response with support-

---

**12.** Four of the plaintiffs in Appeal No. 109,279 (Cox I), are also plaintiffs in this case. In Cox I, the Court of Civil Appeals affirmed the trial court's dismissal of E & F Cox Family Trust, Michael Samara, T.E. Morlan, and Koenig Properties, Inc., because they lacked standing to commence the lawsuit and, as a result, the trial court had no subject matter jurisdiction. This Court held 11 O.S.2011 § 39–108 establishes, as a condition precedent to maintaining an action to challenge the creation of an improvement district, a plaintiff first must have filed a written protest during the hearing. The remaining Cox I plaintiff, Better Price Warehouse Sales Co., Inc., (Better Price) was not dismissed from the Cox I action.

ing briefs and attached materials filed by the parties as required by District Court Rules 13(a) and 13(b);

. . .

¶ 24 Although Plaintiffs filed a designation of record, they did not comply with Okla. Sup.Ct.R. 1.36(c)(A)(3) because they did not include in the record on appeal applicable instruments on file with regard to their contention the trial court erred in allowing Intervenors to intervene in this cause. Review is confined to the record presented to the appellate court. This Court may not address their contention because there is nothing in the record on appeal to review.

¶ 25 AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.