2016 OK CIV APP 7

**BLUTONE ENTERPRISES, LLC, an Oklahoma Limited Liability Company, Plaintiff/Appellant,**

v.

**MESSER–BOWERS COMPANY, INC., Defendant/Appellee.**

No. 113,684.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 29, 2015.

Barry K. Roberts, Norman, Oklahoma, for Plaintiff/Appellant.

R. Thompson Cooper, Pignato, Cooper, Kolker & Roberson, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

WM. C. HETHERINGTON, JR., Chief Judge.

¶ 1 This is the second appeal in this action for negligent failure to procure insurance filed by Plaintiff Blutone Enterprises, LLC (Blutone) against Defendant Messer–Bowers Company, Inc. (Agency). In the first appeal between the same parties, the trial court's summary judgment order in favor of Agency was reversed because the limited record from a prior federal case did not support its issue preclusion argument. Blutone now seeks reversal of the trial court's post-remand order granting Agency's second motion for summary judgment based on issue preclusion and entering judgment in favor of Agency. We AFFIRM.

## CASE HISTORY

¶ 2 Blutone operates a tank truck and hauling business with its principal place of business in Eakly, Oklahoma. Agency is an independent insurance agency in Enid, Oklahoma, from which Blutone purchased a commercial auto fleet policy issued by Mid–Continent Casualty Company, effective between January 2008–2009.

¶3 In October 2008, Blutone's employee was driving Blutone's 2005 Dodge pickup (subject vehicle) in Comanche County, Oklahoma when a multi-vehicle collision occurred, resulting in bodily injuries to third parties. Two negligence suits were later filed in the same county against Blutone. Mid–Continent agreed to defend Blutone but denied the subject vehicle was a covered vehicle under the fleet policy.

¶4 In March 2009, Blutone filed a petition for indemnification against Agency in the District Court of Garfield County, Oklahoma, alleging the subject vehicle had been added to its existing fleet policy on February 20, 2008, when Blutone's employee called Agency and gave the vehicle description and vehicle identification number to its employee. The following month, Mid–Continent filed a federal declaratory judgment action in the Western District of Oklahoma against Blutone and the plaintiffs in the two negligence actions, seeking a declaration of no coverage for the subject vehicle.

¶5 With court approval, Blutone amended its state court petition against Agency, adding a cause of action for negligent failure to procure insurance. Upon completion of discovery for use in both cases, a jury trial was held in federal district court which concluded with a verdict and subsequent entry of judgment in favor of Mid–Continent on the coverage issue.

¶6 Agency moved for summary judgment in state court, arguing the factual issue of "notification" was determined by the federal jury and pursuant to the doctrine of issue preclusion Blutone is barred from re-litigating that same issue in state court. After Blutone's response and Agency's reply were filed, the trial court entered an order which stayed the matter until Blutone's appeal to the Tenth Circuit had been decided. By order and judgment filed April 19, 2011, the federal district court judgment in favor of Mid–Continent and against Blutone was upheld.

¶7 Three months later, the court entered an order granting Agency's motion for summary judgment. Blutone filed an appeal (Case No. 109,608) which the Oklahoma Supreme Court assigned to Division III of the Oklahoma Court of Civil Appeals (*Blutone I*). By unpublished opinion filed May 23, 2013, a different panel of the Court of Civil Appeals found the limited record[1] could be viewed as sufficient to prove the first three issue preclusion elements, but not the fourth element, *i.e.*, "whether the party against whom preclusion is interposed had a full and fair opportunity to litigate the claim or critical issue." Finding the trial court erred in granting summary judgment, the Court reversed the order and remanded the case for further proceedings. Agency's petition for certiorari was denied, and mandate issued January 3, 2014.

¶8 On remand, Agency moved for summary judgment, attaching the "entire federal judgment roll" to support essentially the same issue preclusion argument. Based on Agency's motion, Blutone's response, and Agency's reply, the trial court granted Agency's motion for summary judgment and entered judgment in favor of Agency and against Blutone. Blutone filed this appeal.

## ISSUES ON APPEAL

¶9 Blutone raises two trial court errors in its Petition in Error. In addition to generally alleging there are "facts which preclude summary judgment and arguments of law which make summary judgment wholly inappropriate,"[2] Blutone specifically argues Agency "is precluded by the *settled-law-of-the-case doctrine* from re-arguing *issue preclusion* on summary judgment."

1. In *Blutone I*, the accelerated record included portions of trial testimony from two witnesses, the federal complaint, the civil trial sheet, the final pretrial report, the parties' trial stipulations, the preliminary statement to the jury instructions, the general verdict, and the federal court's judgment based on the verdict.

2. Blutone's first allegation here is very close to being a "shotgun allegation of trial court error" which "is too vague and general to meaningfully apprise this Court of the reasons for which appellate relief is sought." *Bank of America, N.A. v. Murzello*, 2014 OK CIV APP 52, n. 5, 326 P.3d 1146, 1151 (quoting *Siemens Financial Services, Inc., v. MTG Guarnieri Manufacturing, Inc.*, 2012 OK CIV APP 1, ¶11, 269 P.3d 36, 39).

## STANDARD OF REVIEW

¶ 10 This accelerated appeal is governed by Okla.Sup.Ct.R.1.36, 12 O.S.2011, ch. 15, app. 1, without appellate briefing. "Summary relief issues stand before us for *de novo* examination." *Manley v. Brown,* 1999 OK 79, ¶ 22, 989 P.2d 448. "All facts and inferences must be viewed in the light most favorable to the non-moving party." *Id.* Like the trial court, "appellate tribunals must equally bear an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Id.* "Only if the court should conclude that there is no substantial controversy over any material fact and the law favors the movant's claim or liability-defeating defense is the moving party entitled to summary judgment in its favor." *Id.*

¶ 11 To prevail as the moving party on a motion for summary adjudication, one who defends against a claim by another must either (a) establish that there is no genuine issue of fact as to at least one essential component of the plaintiff's theory of recovery or (b) prove each essential element of an affirmative defense, showing in either case that, as a matter of law, the plaintiff has no viable cause of action. *Akin v. Missouri Pacific R. Co.,* 1998 OK 102, ¶ 9, 977 P.2d 1040. In this case, Agency has the burden, as movant for summary judgment relying on issue preclusion, to prove each essential element of that affirmative defense. *Nealis v. Baird,* 1999 OK 98, ¶ 51, 996 P.2d 438.

█ ¶ 12 Issue preclusion requires proof of the following: 1) the party against whom it is being asserted was either a party to or a privy of a party to the prior action; 2) the issue subject to preclusion has actually been adjudicated in the prior case; 3) the adjudicated issue was necessary and essential to the outcome of that prior case; and that 4) the party against whom it is interposed had a full and fair opportunity to litigate the claim or critical issue. *Durham v. McDonald's Restaurants of Oklahoma, Inc.,* 2011 OK 45, ¶ 5, 256 P.3d 64, 66.

█ ¶ 13 "The availability of the doctrine of issue preclusion presents a question of law to be reviewed *de novo.*" *Wilson v. City of Tulsa,* 2004 OK CIV APP 44, ¶ 8, 91 P.3d 673 (relying on *Cities Serv. Co. v. Gulf Oil Corp.,* 1999 OK 14, ¶ 12, 980 P.2d 116). "Whether [issue preclusion] applies under the facts presented here calls for an exercise of the trial court's discretion, which we review for abuse of that discretion." *Id.*

## PRELIMINARY ISSUES

¶ 14 As a preliminary matter, we address Agency's motion to dismiss Blutone's appeal, or alternatively, its motion to strike alleged improper arguments in Blutone's Petition in Error.[3] By Order of the Supreme Court, Blutone filed a response to the motions.[4]

¶ 15 Agency argues for dismissal of the appeal, contending Blutone disregarded Okla. Sup.Ct.R. 1.36, by failing to include in the Record on Accelerated Appeal the supporting attachments to Agency's motion for summary judgment. Agency points out those attachments total over 1,300 pages and includes the entire judgment roll from the federal declaratory judgment action which the Court in *Blutone I* held was necessary to determine whether issue preclusion applies in Blutone's negligence action filed in state

---

3. Agency does not cite supporting authority for striking Exhibit C nor demonstrates how it has been prejudiced or how Blutone's lengthy argument under its second allegation of error is improper. Under Rule 1.36, because briefs are not permitted unless ordered by the appellate court, the petition in error plays a critical role in determining what issues the appellant has preserved for consideration on appeal. *Siemens Financial Services, Inc., v. MTG Guarnieri Manufacturing, Inc.,* 2012 OK CIV APP 1, ¶ 11, 269 P.3d 36, 39 (citing *Booker v. Sumner,* 2001 OK CIV APP 22, ¶ 12, 19 P.3d 904, 906). Therefore, we decline to strike Blutone's Exhibit C in this accelerated

appeal, since it alone informs this Court of the reasons for which appellate relief is sought and, unlike general appeals, there is no brief in chief in which an appellant is permitted to amend the issues or errors initially alleged in the petition in error. Further, because Agency does not claim Blutone has made any new arguments or issues, its request for leave to respond by way of a supplemental brief is also denied.

4. The Supreme Court deferred consideration of Agency's motion to the decisional stage of this appeal by Order filed March 24, 2015.

court. It also argues Blutone's "omission" of such attachments should neither be taken lightly nor viewed as "innocent or inadvertent," because such action places Agency in an unworkable position—either supplement the record and be faced with the burden of both attorney time and copying costs to correct Blutone's noncompliance with R. 1.36 or stand its ground, not provide a supplemental record, and ask this court to refuse to review the issues on appeal due to Blutone's failure to provide a complete and accurate record.

¶ 16 In its Response, Blutone argues under R. 1.36 appellants have an "option" to file any of the listed items, not "the burden" to do so. It further argues "the rule" recognized in *E & F Cox Family Trust v. City of Tulsa*, 2013 OK CIV APP 47, 302 P.3d 1175, according to Blutone, is "if an appellant in any case does not provide an adequate record[,] the appellate courts will not consider *any allegations of error* which require support in such record."

¶ 17 We agree. Without any mandatory language requiring the inclusion of any particular document, Okla.Sup.Ct.R. 1.36 appears to simply limit the materials an appellant may include in the accelerated record. Nevertheless, the Supreme Court has held in appeals from orders granting summary judgment that an appellant "*must include in the record for appeal* all materials necessary for corrective relief" and "bears total responsibility for such inclusion." (Emphasis added.) *Wylie v. Chesser*, 2007 OK 81, n. 10, 173 P.3d 64, 66. *See also Skinner v. John Deere Ins. Co.*, 2000 OK 18, ¶ 25, 998 P.2d 1219, 1225.

¶ 18 Blutone's argument also fails to consider an important distinction between this case and *E & F Cox Family Trust*. The appellants in the latter case *included* the materials necessary for corrective relief of the summary judgment order *but not* for

their *allegation of error* regarding the court's separate order allowing intervention, *i.e.*, the record lacked the order or the motion to intervene, response, and briefs. The Court in *E & F Cox Family Trust* found the appellants "did not comply" with R.1.36(c)(A)(3) by omitting from the accelerated record the "applicable instruments on file" regarding "their contention the trial court erred in allowing [the parties] to intervene in this cause." *Id.*, 2013 OK CIV APP 47, ¶ 24, 302 P.3d 1175, 1181. Consequently, the Court did not address that contention "because there is nothing in the record on appeal to review." In contrast, Blutone's appeal is limited to the summary judgment order, so its failure to include the materials necessary for the corrective relief its seeks would leave no allegations for this Court to review, thereby necessitating a dismissal of its whole appeal.

¶ 19 Further, to the extent Blutone's reliance on *E & F Cox Family Trust* implies this Court has no authority to dismiss the entire appeal for failure to include all the evidentiary materials attached to Agency's motion for summary judgment attachments, we disagree. "In case of failure to comply with *any rule* or order of the Court," Okla. Sup.Ct.R. 1.2 permits either the Supreme Court or the Court of Civil Appeals[5] to "continue or dismiss a cause, reverse or affirm the judgment appealed, render judgment, strike a filing, assess costs or take any other action it deems proper." Thus, any appellant who fails to provide an accelerated record in accordance with both R. 1.36 and *Wylie*, risks the reviewing court exercising either of its R. 1.2 options.

¶ 20 Undeniably, it was Blutone's "total responsibility" as appellant to include all materials necessary to demonstrate the two errors it alleges requires reversal of the trial court's summary judgment order.[6] Based on

---

5. According to Okla.Sup.Ct.R. 1.1(b), "[t]he rules of general application, Part I of these Rules, shall apply to all proceedings before the Court of Civil Appeals and the Supreme Court."

6. Importantly here, Blutone admits it "has included in the record on accelerated appeal all the materials necessary to resolve what is essentially an issue of law: whether the prior opinion [Blutone I] had preclusive effect on the issues

before the trial court on remand." Contending "[Blutone I] was extant and fully binding before the filing by [Agency] of the voluminous attachment to their second motion for summary judgment," Blutone also admits it "does not rely on the pleadings from the federal court action because the trial court here erred as a matter of law in not giving preclusive effect to the prior ruling which controlled the lawsuit" and has "'selected for inclusion' all the documents it

R. 1.36(c)(A)(3), *Wylie*, and *E & F Cox Family Trust*, we agree with Agency that Blutone did not comply when it failed to include in the accelerated record *"applicable* instruments on file, including the motion and response with supporting briefs and, *attached materials filed by the parties **as required by** District Court Rules 13(a) and 13(b)."*

¶ 21 Despite Blutone's non-compliance, we do not dismiss the entire appeal in light of its history and R. 1.36(d)(2), under which fifth paragraph it addresses this very situation:

*If the appellee desires to include documents or transcripts not included by the appellant in the record on appeal,* the appellee *shall order* any such transcript and file a separate document titled "Supplement to Record on Accelerated Appeal," attaching any instruments or transcripts in the same form and manner as required for an appellant under Rule 1.36 herein. Any such supplement to the record shall be filed concurrently with the Response to the petition in error. The *cost of transcribing* appellee-ordered portion of the record will be borne by the appellant unless: (1) The trial judge finds that the portion supports a counter or cross-appeal, or (2) The trial judge directs otherwise for good cause shown. In the latter event the appellee shall pay the *transcription* fee. (Emphasis added.)

¶ 22 Without waiving its objection to Blutone's accelerated record, Agency chose to comply with this section of R. 1.36 by including and filing all of the evidentiary materials Blutone omitted in a three-volume supplement to the accelerated record. Therefore, the complete record presented to the trial court during the post-remand stage necessary to review the alleged errors with the order on appeal has been submitted to this Court.

¶ 23 Having denied Agency's motion to dismiss the appeal, we must address its alternative request "to enter an Order requiring Blutone to reimburse [Agency] for the costs [Agency] incurred in correcting Blutone's omissions." Regarding this request, we note

Agency's dismissal motion refers simply to "copy costs" and "attorney time" and does not cite any supporting authority for reimbursement of either.

¶ 24 As previously noted, R. 1.2 gives appellate courts several ways to punish violations of and/or to enforce compliance with "any rule or order," one of which is "assess costs." However, regarding the precise situation before this Court, R. 1.36(d)(2) *specifically* provides for payment of only costs for *transcribing* an appellee-ordered record, which is to be paid by the appellant *unless* the trial court determines otherwise. Because the clear and unambiguous language of this court rule *specific to accelerated appeals* does not require an appellant to also pay the costs of *copying* documents and/or instruments ordered by the appellee, we conclude this Court has no authority to access such costs against Blutone and deny Agency's request.

### Settled Law of Blutone I

¶ 25 Blutone contends the "settled law of the case" doctrine precludes the trial court's reconsideration of Agency's second summary judgment argument based on issue preclusion. The settled-law-of-the-case doctrine "operates to bar relitigation of (a) issues in a case which are finally settled by an appellate opinion or of (b) those the aggrieved party failed to raise on appeal." *Smedsrud v. Powell*, 2002 OK 87, ¶ 13, 61 P.3d 891, 896. The doctrine is "a rule of judicial economy designed to prevent an appellate court from twice having to decide the same issue." *Patel v. OMH Medical Center*, 1999 OK 33, ¶ 22, 987 P.2d 1185, 1195.

¶ 26 Contrary to Blutone's argument in the instant appeal, a thorough reading of *Blutone I* reveals "issue preclusion" was not and could not have been "finally settled" by the Court of Civil Appeals. The Court reversed the order granting summary judgment in favor of Agency "based on issue preclusion," because Agency, as movant relying solely on that affirmative defense, did not prove the

deems necessary to demonstrate and support the allegations of error included in its Petition in

Error."

elements for issue preclusion elements by failing to present the entire judgment roll from the federal declaratory judgment action to the trial court.

¶ 27 Footnote 9 of *Blutone I* quotes *Salazar v. City of Oklahoma City,* which holds "an appellate court cannot take judicial notice of records in other courts" and "those who rely on a judgment for its issue-preclusive force *are required to produce 'the entire judgment roll' for the subsequent action.*" 1999 OK 20, ¶ 11, 976 P.2d 1056, 1061. The same footnote in *Blutone I* explains the prior case in *Salazar* was also a federal court action upon which the city had similarly failed to include a full federal court judgment roll to support its issue preclusion defense in a different claim, *i.e.,* a tort claim in state court. Relying on *Salazar,* the Court in *Blutone I* reversed the trial court's summary judgment relying on issue preclusion and remanded the case for further proceedings.

¶ 28 Blutone's position in this appeal—the trial court could not consider Agency's second motion for summary judgment relying on issue preclusion but this time attaching the entire federal declaratory judgment between Blutone and its insurer—is contrary to *Salazar.* When summarizing its holding, the *Salazar* Court explained, in pertinent part:

> Because City's arguments, here and below, fail to support the summary adjudication correctness, all issues will stand on remand *subject to comprehensive reappraisal in light of the federal-court judgment roll*....The cause is hence remanded for a nisi prius reconsideration of all untried issue pressed. When on a judgment's reversal a cause is remanded, it returns to the trial court as if it had never been decided before, save only for the settled law of the case. By today's remand the parties are relegated to their prejudgment status. (Emphasis added.)

*Id.,* 1999 OK 20, ¶ 39, 976 P.2d 1056, 1061. Based on *Salazar,* we conclude Agency's issue preclusion defense is not precluded by the "settled law" of *Blutone I* and that the trial court was free to reappraise the issues

and arguments in Agency's second summary judgment motion in light of the federal court judgment roll.

### Review of Trial Court's Application of Issue Preclusion In This Case

 ¶ 29 "[O]nce a court has decided an issue of fact or law necessary to its judgment, the same parties ... may not relitigate that issue in a suit brought upon a different claim." *Oklahoma Department of Pub. Safety v. McCrady,* 2007 OK 39, ¶ 7, 176 P.3d 1194, 1199. An issue is actually litigated and necessarily determined *if it is properly raised in the pleadings,* or *otherwise submitted for determination,* and judgment would not have been rendered but for the determination of that issue. *Id.* "The doctrine may not be invoked if the party against whom the earlier decision is interposed did not have a 'full and fair opportunity' to litigate the critical issue in the previous case." *Id.*

¶ 30 Based on our review of the accelerated record, including the entire federal court judgment roll, Agency has established all four elements of issue preclusion. In this case, Blutone, the party against whom issue preclusion is being asserted by Agency, was a party to the prior federal action. Second, the issue subject to preclusion or "notification," *i.e.,* whether Blutone's employee notified Agency's employee it needed to add the subject vehicle to the policy and gave the required information to accomplish that goal during a 47–second phone call on February 20, 2008, was actually adjudicated in the prior case. Importantly here, there was no dispute over the length of the phone call or the date, and as the accelerated record demonstrates the jury heard conflicting testimony from two witnesses, who each testified about what was discussed during that phone call. Thus, the notification issue was essentially decided based on which of the two witnesses the federal jury found to be most credible.

¶ 31 Third, the preliminary statement from the federal jury instructions [7] and the par-

7. In relevant part, the preliminary statement identified "the sole issue to be decided" is "whether there is coverage under a commercial

auto policy issued by [Mid–Continent] to [Blutone]." It further explains Blutone contends there is coverage under that policy at the time of

ties' stipulation that "notice to Agency would be notice to Mid–Continent" clearly establish the adjudicated notification issue was necessary and essential to the outcome of the federal case, *i.e.*, whether the subject vehicle was covered under Blutone's fleet policy with Mid–Continent. Even without considering Agency's record cites to opening statements and closing arguments about the notification issue, the significance of that issue of fact on the ultimate issue of coverage was conveyed to the federal jury through the testimony of at least five witnesses.

¶ 32 Inclusion of the complete federal court judgment roll further resolves the concerns of the Court in *Blutone I* regarding the federal judge's pre-trial and trial evidentiary rulings "which arguably shows Blutone was prevented from fully litigating the issue." Review of the judgment roll, including the parties' underlying motion in limine, responses, and the order, demonstrate Blutone's stated reason for wanting to admit the 2005 fleet policy security verification form, was clearly not relevant to the notification issue,[8] Blutone appealed the federal judge's evidentiary rulings, and the Tenth Circuit found no abuse of discretion. Overall, the federal court judgment roll discloses Blutone not only had a full and fair opportunity but also the incentive to litigate the notification issue.

■ ¶ 33 Even if the notification issue was actually litigated, Blutone argues issue preclusion does not apply in its state tort action because Agency was neither a party nor in privity with a party in the prior federal action. "Generally, the application of issue preclusion requires an identity of the parties to both proceedings." *Carris v. John R.*

*Thomas and Associates,* 1995 OK 33, ¶ 11, 896 P.2d 522, 527–528. "This Court allowed the doctrine of issue preclusion, or collateral estoppel, to be applied defensively when the party against whom it was being asserted was a party or in privity with a party to the prior proceedings." *Hesser v. Central Nat. Bank & Trust Co. of Enid,* 1998 OK 15, ¶ 18, 956 P.2d 864, 868 (citing *Anco Mfg. & Supply Co. Inc. v. Swank,* 1974 OK 78, 524 P.2d 7). "The question of whether a stranger to a prior proceeding can use the decision in the prior proceeding for defensive collateral estoppel is to be answered 'under the facts presented.'" *Travelers Property Cas. Corp. v. Jim Walter Homes, Inc.,* 1998 OK CIV APP 80, ¶ 9, 966 P.2d 1190, 1192–1193 (relying on *Carris* and *Anco Mfg. & Supply* ).

■ ¶ 34 To be in privity, a party must "actually have the same interest, character, or capacity as the party against whom prior judgment was rendered." *In the Matter of the Death of Hyde,* 2011 OK 31, ¶ 12, 255 P.3d 411, 415 (quoting *Wilson v. City of Tulsa,* 2004 OK CIV APP 44, ¶ 11, 91 P.3d 673, 677). "The existence of privity depends upon the circumstances and requires 'a person so identified in interest with another that he represents the same legal right.'" *Id.*

¶ 35 In the federal court case, Agency's interest was the same as Mid–Continent's with regard to adjudicating the issue of notification. Similarly, there was no conflict of interest between Mid–Continent and Agency concerning the notification issue since both would benefit from a determination in Mid–Continent's favor. *See Hildebrand v. Gray,*

the collision in October 2008 "because an employee of Blutone had asked an agent of [Mid–Continent] to add the [subject vehicle] to the policy on February 20, 2008" and that "[Mid–Continent] has denied that this request was made and has contended the [subject vehicle] was not covered at the time of the collision."

8. In its response to Mid–Continent's motion in limine, Blutone argued "the evidence of the 'insurance verification' cards is relevant" to show: 1) Mid–Continent's "failure to prohibit its agents from issuing more verification cards than actual covered vehicles, combined with poor detailing of the 'Schedule of Autos' caused Blutone and the State of Oklahoma, who issued a tag based

on the insurance verification card, to believe coverage was in force for the vehicle involved in this accident" and 2) providing extra insurance cards is evidence of routine habit of Mid–Continent and its agents. Although also arguing Mid–Continent's conclusory statements do not meet its burden in demonstrating such cards are irrelevant and/or prejudicial, we note Blutone did not deny Mid–Continent's statements which distinguished a security verification card for a commercial fleet policy with more than five units, which *does not* specifically list the individual vehicle, from a security verification card for a personal policy, which *does* identify the specific vehicle it covers.

1993 OK CIV APP 182, ¶ 16, 866 P.2d 447, 450–51.

¶ 36 Blutone further argues because Agency was not a party to the federal declaratory judgment action, "critical evidence and testimony was not sought nor allowed and the issue of negligence against them was not being adjudicated." The federal-court judgment roll confirms Blutone moved to add Agency as a necessary party under Fed. Civ. Proc. Rule 14, Mid–Continent argued against the addition, and the court overruled Blutone's motion. However, the same judgment roll reveals Blutone did not appeal that specific adverse ruling to the Tenth Circuit in its appeal from the federal court judgment in favor of Mid–Continent. More importantly, Blutone makes no argument in this appeal that one of several "circumstances" for not applying issue preclusion, as addressed in *Miller v. Miller*, 1998 OK 24, ¶ 28, 956 P.2d 887, 897, should apply here to avoid the doctrine's effect in subsequent litigation. *See In re Guardianship of Doornbos*, 2006 OK 94, ¶ 5, 151 P.3d 126, 127 (citing Restatement (Second) of Judgments § 28 (1982)[9] and *Salazar v. City of Okla. City*, 1999 OK 20, ¶ 10, n. 7, 976 P.2d 1056, 1060, n. 7). Consequently, under the facts of this case, we find no error or abuse of discretion with the trial court's implied findings that a) Blutone is barred from relitigating the issue of notification in its negligence action against Agency, b) there is no substantial controversy as to any material fact, and that c) Agency is entitled to summary judgment as a matter of law.

## CONCLUSION

¶ 37 The trial court's order granting summary judgment in favor of Agency is **AFFIRMED**.

MITCHELL, P.J., and JOPLIN, J., concur.

---

9. Restatement (Second) of Judgments, § 28, is entitled "Exceptions to the General Rule of Issue Preclusion."