2014 OK CIV APP 52

**BANK OF AMERICA, N.A., Plaintiff/Appellee,**

v.

**Carmelina S. MURZELLO, Defendant/Appellant,**

and

**The Heirs, Personal Representatives, Devisees, Trustees, Successors and Assigns of Raymond J. Murzello, Deceased, the Unknown Successors; John Doe, Spouse of Carmelina A. Murzello, if Married; Occupants of the Premises; and State of Oklahoma, ex rel Oklahoma Tax Commission, Defendants.**

No. 111115.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 28, 2014.

Brian J. Rayment, A. Grant Schwabe, Kivell, Rayment & Francis, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

Robert G. Green, Tulsa, Oklahoma, for Defendant/Appellant.

WM. C. HETHERINGTON, Jr., Vice–Chief Judge.

¶1 Defendant Carmelina S. Murzello (Appellant) appeals only that part of the trial court's judgment which grants summary adjudication in favor of Plaintiff Bank of America, N.A. (BANA) on its mortgage foreclosure petition.[1] Appellant contends BANA's motion and foreclosure action should have been dismissed for lack of standing. We disagree based on the evidentiary materials submitted to the trial court, and the order is AFFIRMED.

### STANDARD OF REVIEW

¶2 Appellant appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15,

---

1. In addition to this appealed ruling, the court's Final Journal Entry of Judgment filed September 4, 2012 finds the Oklahoma Tax Commission had disclaimed any right, title or interest in the real property and grants Lender default judgment against the remaining defendants which the court found had either been lawfully served by publication after due diligence and meaningful search by Plaintiff Bank or personally served with summons.

App. 1. An appeal on summary judgment comes to this court as a *de novo* review. *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051. All inferences and conclusions are to be drawn from the underlying facts contained in the record and are to be considered in the light most favorable to the party opposing the summary judgment. *Rose v. Sapulpa Rural Water Co.,* 1981 OK 85, 631 P.2d 752. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hospital,* 2006 OK 39, ¶ 4, 143 P.3d 203.

## FACTS

¶ 3 On February 23, 2010, BANA filed its foreclosure petition against numerous defendants, including Appellant and the heirs, devisees, unknown successors, etc. of Appellant's deceased husband, Raymond J. Murzello (Deceased). The original petition is not included in the accelerated record. However, BANA's Amended Petition for Foreclosure of Mortgage filed April 13, 2010, alleges, *inter alia,* that Appellant and Deceased did not make the September 1, 2009 payment or any subsequent payments due on a promissory note which they both executed on or about July 7, 2006 and promised to pay to "the order of the Lender," expressly identified therein as "Bank of America, N.A.," the principal sum of $182,000.00, with interest at the rate of 6.125% per annum, until paid. BANA further alleges that as part of the same transaction, Appellant and Deceased executed a real estate mortgage with power of sale executed to secure payment of the July 7, 2006 promissory note. In relevant part, the mortgage describes certain real property in the City of Tulsa, Oklahoma (subject property), identifies BANA as "Lender" and

"mortgagee under this security instrument," and was electronically filed with the Tulsa County Clerk on July 17, 2006. Attached to BANA's Amended Petition are copies of the July 7, 2006 note and mortgage, which BANA alleges therein are "now held by [it]."

¶ 4 Appellant filed an answer, denying, *inter alia,* her remarriage and the amount BANA claimed was owing. She also alleges as a counterclaim the negligence of BANA personnel "in not advising" she and Deceased that the home was not being transferred to "Raymond Murzello and Carmelina Murzello, husband and wife, as joint tenants" and "in not preparing the deed" which would have conveyed the home to them as joint tenants, as they had requested on the loan application. Attached to Appellant's Answer and Counterclaim is 1) a copy of an unsigned, four-page Uniform Residential Loan Application submitted by telephone call between the Murzellos and a BANA interviewer on June 14, 2005; and 2) a letter dated July 6, 2006 to the Murzellos from a "Loan Specialist/HSS" for BANA's subsidiary, HomeFocus, LLC, which references certain enclosures, *i.e.,* "Refinance Closing Documents" and "Important Instructions List." [2] Only the latter two-page list of instructions is attached to the Answer and Counterclaim. Appellee replied, specifically denying each of Appellant's allegations, demanding strict proof thereof, and asserting various affirmative defenses.

¶ 5 Some twenty-one months later,[3] BANA moved for "summary judgment," alleging as undisputed facts: 1) the execution of the note and mortgage by the Murzellos and the delivery of both to BANA, 2) the description of the mortgaged property, 3) BANA's status as "the holder of the Note sued upon, and of the Mortgage which is security therefore," 4) the

**2.** The abbreviation "HHS" is explained on the second page of the attached "Important Instructions" which gives a toll-free telephone number for their contact "Loan Specialist/Home Services Specialist." The same Instructions simply identifies "HomeFocus, LLC" as "a subsidiary of Bank of America."

**3.** In the interim, according to the certified appearance docket included in the accelerated record, 1) the trial court entered default judgment when no one appeared for Appellant at the

March 31, 2011 "Scheduling/Status Conference"; 2) a final journal entry of judgment in the foreclosure action was filed April 19, 2011, 3) the court issued special execution and order of sale, 4) Appellant moved to vacate the default judgment against her, 5) the court granted her motion, ordering the "final journal entry of judgment signed 4–13–11 and filed 4–19–11 be vacated in its entirety" and recalled the sheriff sale set for June 2011.

Murzellos' failure to pay the September 9, 2009 and subsequent installments, 5) the principal amount due and owing with interest with adjustments for preservation and other costs, reasonable attorney's fee as provided in the Note and Mortgage, and costs of the action, 6) the filing of the mortgage with the County Clerk of Tulsa County and its superior lien status above the rights and interests of all defendants, 7) no extension or renewal of the Note, 8) the genuineness, authenticity or execution of the Note and Mortgage. To support the motion, BANA attached an Affidavit, which first paragraph states "Affiant is the officer of Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. and has personal knowledge of the contents of Plaintiffs file and the facts set forth herein." Following the facts stated in the Affidavit, Ms. Sweazen signed the Affidavit as Assistant Vice President under the corporate name, "Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P."

¶ 6 Appellant opposed BANA's motion for summary judgment arguing the latter "did not include any documents from Countrywide Home Loans Servicing, BAC Home Loans Servicing or Merger documents from Bank of America" and the "affidavit attached to the Motion injects other parties into the ownership chain or control of the note. There is no

documentation which proves up the chain of ownership of the note and mortgage, being exclusively in plaintiff." BANA responded, arguing Appellant did not deny or dispute the material facts which support foreclosure [4] and maintained it is the "person entitled to enforce the note" as the "holder," pointing out the latter recites Appellant "promise[s] to pay ... to order of the Lender," and refers to "the Lender" as "[BANA]." As a result, BANA argued it is the proper party to enforce the Note.

### ANALYSIS

■ ¶ 7 The only issue Appellant raises in her Petition in Error is that the trial court declined to follow *Deutsche Bank National Trust v. Brumbaugh,* 2012 OK 3, 270 P.3d 151 and progeny, which cases hold to have standing a foreclosing plaintiff must be in possession and own the promissory note sued on. She argues "the affidavit in support of [BANA's summary adjudication] motion puts into issue whether plaintiff had possession of the note *when* suit was filed" and because BANA elected not to provide this important history of the note, the case should have been dismissed for lack of standing.[5]

■ ¶ 8 "To commence a foreclosure action in Oklahoma, a plaintiff must demonstrate it has a *right to enforce the note* and, absent a showing of ownership, the plaintiff lacks standing." Emphasis added.) *Bank of*

4. BANA specifically argued Appellant did not deny or dispute, and therefor admitted for purposes of summary judgment, the following facts: 1) "the installment due on September 1, 2009, and subsequent installments were not paid by the Defendant and Plaintiff elected to declare the entire sum due and payable"; 2) "there remains due and owing on the Note the principal amount of $157,557.21, with interest from August 1, 2009, at the rate of 6.125% per annum, as adjusted ... [for costs ... and attorney's fee as provided in the Note and Mortgage]"; 3) "the Mortgage securing the payment of said Note was recorded on July 17, 2006 ... County Clerk of Tulsa County, Oklahoma, or that the Mortgage is a valid, first, prior and superior lien against the [subject property]"; 4) Appellant "has not tendered sufficient monies to reinstate the Note"; 5) "the Note has not been extended or renewed"; 6) "[BANA] and [Appellant] have not made any arrangements or agreements to delay the entry of judgment in this foreclosure action"; 7) "no Defendant has contested the genuineness, au-

thenticity or execution of the Note and Mortgage"; and that 8) the Note and Mortgage are in full force and effect.

5. We do not address the trial court's dismissal of Appellant's negligence counterclaim. Appellant only generally refers to the latter ruling in Exhibit "B" of her Petition in error, and at the end in the one issue raised on appeal listed in Exhibit C, she makes a general statement "The dismissal of [Appellant's] counter-claim was a nullity." Especially in an accelerated appeal where the lack of briefs precludes amendment to allegations raised in a petition in error as permitted in other appeals, this "shotgun allegation of trial court error ... is too vague and general to meaningfully apprise this Court of the reasons for which appellate relief is sought." *Siemens Financial Services, Inc., v. MTG Guarnieri Manufacturing, Inc.,* 2012 OK CIV APP 1, ¶ 11, 269 P.3d 36. *See also Vanguard Environmental Inc. v. Curler,* 2008 OK CIV APP 57, ¶¶ 5–6, 190 P.3d 1158.

*America, N.A. v. Kabba,* 2012 OK 23, ¶ 5, 276 P.3d 1006. "A foreclosing entity has the burden of proving it is a 'person *entitled to enforce an instrument*[6] by showing it was '(i) the *holder* of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [§ ] 3–309 or 3–418(d) of [Title 12A].' " (Emphasis added.) *id.* "To demonstrate you are the 'holder' of the note you must establish you are in *possession* of the note and the note is either *'payable '* to bearer' (blank indorsement) or *to an identified person that is the person in possession* (special indorsement)." [7] (Emphasis added.) *Id.,* ¶ 6.

■ ¶ 9 We find no error with the trial court's summary adjudication. There is nothing in the allegations of BANA's Amended Petition or shown by the attached exhibits to that petition or the motion for summary judgment from which a reasonable person might infer any other entity *other than BANA* has had possession of the Note and Mortgage between execution and delivery to BANA on July 7, 2006 and the filing date of BANA's foreclosure on February 23, 2010. Unlike in *Deutsche Bank* and progeny, the plaintiff who filed this foreclosure proceeding claiming to be the "holder" of the note and mortgage is one and the same entity as that identified in the copy of the Note attached to BANA's Amended Petition *and* to its motion for summary judgment. Further, for purposes of determining whether BANA is the "holder" or *person* entitled to enforce note," the Note specifically identifies BANA as the "person" [8] to whom the note is *payable.*

■ ¶ 10 Appellant's sole argument below and on appeal for BANA's lack of "possession" is the Affidavit attached to support BANA's summary judgment motion. The first paragraph of the Affidavit, which was notarized on December 3, 2011, simply explains the affiant's *then-current* title/status with "[BANA], Successor by Merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P." *and* her personal knowledge of *"Plaintiffs* file," which from the inception of the foreclosure action has always been BANA. There are no facts stated in the remaining paragraphs of the Affidavit and nothing in the evidentiary material submitted to the trial court, which even remotely links the possession of the Note and/or Mortgage or the acquisition by sale or merger of the same with either of the two merged companies.[9] Because the undisputed

6. For the definition of "Person entitled to enforce" an instrument, the Court in *Bank of America, N.A. v. Kabba* relied on 12A O.S.2001 § 3–301 which has not since been amended. *See* 12A O.S.2011 § 3–301.

7. In 2005, the Legislature amended the term used in § 3–301, "holder," which is still defined by 12A, O.S.2011 § 1–201(b)(21) as:
(A) the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;
(B) the person in possession of a document of title if the goods are deliverable either to bearer or to the order of the person in possession; or
(C) the person in control of a negotiable electronic document of title.

8. As defined in 12A O.S.Supp 2005 § 1–201(b)(27), the term, "Person," means "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, government, governmental subdivision, agency, or instrumentality, public corporation, or any other legal or commercial entity."

9. The facts of this case are distinguishable from *J.P. Morgan Chase Bank N.A. v. Eldridge,* 2012 OK 24, 273 P.3d 62. In *Eldridge,* the promissory note and mortgage was executed in favor of the "J.P. Morgan Chase Bank N.A." (original lender); 2) "Chase Home Finance Milwaukee" (original plaintiff) filed the foreclosure action claiming to be the present holder of the note and mortgage and amended its petition without amending its name, 3) the original lender did not assign the mortgage to the original plaintiff until six weeks *after* the original foreclosure action was filed, 4) the mortgage assignment purported to transfer for value the mortgage "together with the note, debts and claims secured thereby"; and 5) the trial court granted the summary judgment to the original plaintiff, but in its final judgment, the court referred to *"Plaintiff* J.P. Morgan Chase Bank N.A." as the "successor by merger to *Chase Home Finance LLC."* As noted by the Supreme Court, the latter reference to Chase Home Finance LLC, was "the first mention of that entity. Previously, the entire litigation had been in the name of Chase Home Finance Milwaukee. We are unable to determine if Chase Home Finance LLC, is the same as Chase Home Finance Milwaukee or when the merger occurred." *Id.,* ¶ 4. The Court reversed and remanded the judgment, finding there was no evidence in the record supporting Appellee Chase Home Finance Milwau-

evidentiary material demonstrates BANA was the "holder" of the note and mortgage *before* it filed this foreclosure proceeding, we find no error with the court's implied finding that the Affidavit neither injects the merged companies into the history of the note nor requires any merger documents. The only reasonable inference from the evidentiary material in this record is that BANA, as the original lender and payee of the note, has had continued possession of the promissory note and mortgage since execution in 2006 by Appellant and Deceased, and therefore had standing when it filed this foreclosure proceeding.

■ ¶ 11 In the present case, the trial court properly granted BANA's motion for summary judgment based on the undisputed facts that BANA was the current holder of the note when it filed the foreclosure proceedings, Appellant and Deceased had failed to pay any installments since September 2009, there was no reinstatement, extension or renewal of the note, and the parties had made no agreement to delay entry of judgment. Further, Appellant neither disputed the validity of the mortgage and BANA's lien upon the subject property nor the genuineness, authenticity and execution of the Note and Mortgage. *See HSBC Bank USA v. Lyon,* 2012 OK 10, 276 P.3d 1002. The trial court's judgment is **AFFIRMED.**

JOPLIN, P.J., and BUETTNER, J., concur.

---

kee was the "holder" of the note because the note was not indorsed. The Court also found Appellee had failed to establish it was a "nonholder in possession who has the rights of a holder" because the purported assignment of mortgage was filed *after* the filing of the foreclosure proceeding and the same did not establish delivery of the Note and the purpose of that delivery.